CÉSAR J. ALMODÓVAR MARCHANY, SECRETARIO DEL TRABAJO Y RE-CURSOS HUMANOS DE PUERTO RICO, ETC., querellantes y ape-lados, *v.* WARREN ELECTRIC CO., querellada y apelante.

*Número:* AC-96-38        *Resuelto:* 24 de mayo de 1996

Graciela J. Belaval, de *Martínez Odell & Calabria,* abogada de la parte apelante.

PER CURIAM: El Secretario del Departamento del Trabajo y Recursos Humanos (en adelante Secretario), actuando en representación y para beneficio de la querellante, Sra. Elvia Rodríguez Coca, apeló ante el Tribunal de Circuito de Apelaciones la sentencia emitida por el Tribunal de Primera Instancia, Subsección de Distrito, Sala de Guaynabo, mediante la cual se desestimó una demanda por despido injustificado incoada contra el patrono Warren Electric Company. Mediante sentencia emitida el 27 de febrero de 1996, notificada y archivada en autos el 21 de marzo de 1995, el Tribunal de Circuito de Apelaciones revocó la decisión del Tribunal de Primera Instancia, declarando así con lugar la querella presentada por la señora Rodríguez Coca contra su patrono.

Inconforme con este dictamen, el patrono presentó ante nuestra consideración el recurso de apelación de referencia, el *23 de abril de 1996*, un (1) día después de haber vencido el término jurisdiccional de treinta (30) días dispuesto en la Regla 16 del anterior Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI, aprobado el 13 de enero de 1995 y que entró en vigor el 24 de enero de 1995; Art. 1.002 del Plan de Reorganización de la Rama Judicial, Núm. 1, conocido por la Ley de la Judicatura de Puerto Rico de 1994 (4 L.P.R.A. sec. 22a).[1]

Por no ser de aplicación a la controversia que nos ocupa el término de sesenta (60) días que dispone la Regla 16, *supra*, para el perfeccionamiento de los recursos de apelación en aquellos casos en que el Estado, sus funcionarios, alguna de sus instrumentalidades que no fuese una corpo-

---

[1] De entrada, es menester señalar que la solución del presente recurso se dispone en virtud de la Ley de la Judicatura de Puerto Rico de 1994 y del anterior Reglamento del Tribunal Supremo aprobado en virtud de dicha ley, el cual entró en vigor el 24 de enero de 1995.

Lo anterior responde a la correcta interpretación de la Regla 4 de Transición sobre la Aplicación del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI, aprobado el 25 de abril de 1996, el cual entró en vigor el 1ro de mayo de 1996 y que recoge las enmiendas introducidas a la Ley de la Judicatura de Puerto Rico de 1994, mediante la aprobación de la Ley Núm. 248 de 25 de diciembre de 1995 (4 L.P.R.A. secs. 22i–22k, 22n–22p, 23f y 23n).

ración pública o los municipios fuesen parte, desestimamos el recurso de apelación presentado por falta de jurisdicción. Veamos.

## I

El presente recurso tiene su génesis en la presentación de una querella por parte del Secretario *en representación y para beneficio* de la querellante apelada Elvia Rodríguez Coca, por el alegado despido injustificado por parte de su patrono, Warren Electric Company. La representación legal que provee el Secretario a los obreros en casos como el que nos ocupa, constituye un beneficio que brinda el Departamento del Trabajo y Recursos Humanos (en adelante Departamento) a los trabajadores. La ley habilitadora de dicho departamento dispone que su división legal podrá "[f]ormular denuncias e incoar querellas y demandas para dar efectividad a la legislación protectora del trabajo; y comparecer ante los tribunales de justicia en procedimientos para garantizar el derecho de los trabajadores". Sec. 20(4) de la Ley Núm. 15 de 14 de abril de 1931, según enmendada, 3 L.P.R.A. sec. 321(4). En consecuencia, podemos concluir que el de autos no se trata de un caso en que el Estado Libre Asociado de Puerto Rico o uno de sus funcionarios funja como parte en el pleito. Estamos ante una situación en que el Secretario actúa como mero representante legal de la parte querellante en la presente controversia.

Recientemente tuvimos la oportunidad de expresarnos en torno a la disposición procesal que establece el término de sesenta (60) días para acudir en alzada a este Foro en aquellos casos en que el Estado, sus funcionarios, instrumentalidades o municipios son parte en un pleito. En *Rivera v. E.L.A.*, 140 D.P.R. 168 (1996), trazamos el historial legislativo de esta disposición. Allí señalamos que en 1986 la Asamblea Legislativa enmendó la Regla 53.1(b) de

Procedimiento Civil, 32 L.P.R.A. Ap. III, a los efectos de ampliar el término de treinta (30) días a sesenta (60) días para que el Estado, sus funcionarios e instrumentalidades pudieran acudir a este Foro mediante el recurso de revisión. Expresamente dispusimos:

> La intención legislativa fue lograr que aquellos procedimientos judiciales apelativos que tenían que ver con el Gobierno de Puerto Rico, sus funcionarios y algunas de sus instrumentalidades —*de ordinario tramitados por la Oficina del Procurador General*— no se vieran afectados o perjudicados por la falta de tiempo de tales funcionarios para atenderlos de forma adecuada. *Alcalde de San Juan v. Asamblea Municipal*, 132 D.P.R. 820 (1993). Su aprobación aseguró que el Estado y sus funcionarios contasen con un plazo suficiente y adecuado *para proteger los intereses del pueblo de Puerto Rico*, sin menoscabo de las otras partes en el pleito, a quienes también se les hizo extensivo el beneficio de esa ampliación. (Énfasis suplido y en el original.) *Rivera v. E.L.A.*, supra, pág. 173.

■ Posteriormente, al entrar en vigor la Ley de la Judicatura de Puerto Rico de 1994, se eliminó el recurso de revisión judicial de las sentencias finales en casos civiles provenientes del Tribunal de Primera Instancia, restaurando como cuestión de derecho, la apelación al tribunal apelativo intermedio, el Tribunal de Circuito de Apelaciones. *Rivera v. E.L.A.*, supra.

■ Esta ley dispuso, además, el recurso de apelación para la revisión de ciertos dictámenes emitidos por el Tribunal de Circuito de Apelaciones. Véase Art. 3.002(b), (c), (f) y (g) de la Ley de la Judicatura de Puerto Rico de 1994 (4 L.P.R.A. sec. 22i(b), (c), (f) y (g)). No obstante, la ley guardó silencio en torno al término para acudir en apelación de estos dictámenes, razón por la cual, en virtud de lo dispuesto en el Art. V de la Constitución del Estado Libre Asociado, L.P.R.A., Tomo 1, y el Art. 1.002 de la Ley de la Judicatura de Puerto Rico de 1994, *supra*, el Reglamento del Tribunal Supremo estableció un término uniforme de treinta (30) días para presentar el recurso, excepto cuando

el Estado, sus funcionarios e instrumentalidades o municipios fuesen parte en un pleito, en cuyo caso el término se extendería a sesenta (60) días. Reglamento del Tribunal Supremo, aprobado el 13 de enero de 1995 (4 L.P.R.A. Ap. XXI, R. 16(e)).[2]

■ El propósito fundamental de la extensión del término para acudir en alzada en aquellos casos en que el Estado o uno de sus funcionarios funja como parte no ha sufrido cambio alguno con las enmiendas efectuadas tanto a la Ley de la Judicatura de Puerto Rico de 1994, como a las Reglas de Procedimiento Civil. El fundamento cardinal de esta extensión del término apelativo sigue siendo idéntica: proveer a la Oficina del Procurador General, que de ordinario tramita estos recursos apelativos, un término razonable para representar adecuadamente al Estado, sus funcionarios, instrumentalidades públicas que no sean corporaciones públicas y los municipios.

■ El recurso ante nos no participa de las características que, según esbozamos, motivaron al Legislador a extender el término apelativo a sesenta (60) días. Como expresamos, el Secretario funge en el presente caso como representante legal de la querellante, no como parte propiamente. De hecho, el Procurador General nunca ha intervenido en el presente caso ni interviene en este tipo de caso. Por disposición específica de ley, esta responsabilidad de representar a la querellante le corresponde a la división legal del Departamento. Sec. 20 de la Ley Núm. 15, *supra*.

■ Cabe señalar, además, que la parte querellante

---

[2] Cabe señalar que con la aprobación de la Ley Núm. 249 de 25 de diciembre de 1995 (32 L.P.R.A. Ap. III), enmendatoria de las Reglas de Procedimiento Civil, se enmendó la Regla 53.1 (32 L.P.R.A. Ap. II, R. 3.1 *et seq.*) a los efectos de establecer el término de sesenta (60) días para los recursos de apelación provenientes del Tribunal de Circuito de Apelaciones en que el Estado, sus funcionarios, instrumentalidades que no fuesen corporaciones públicas o los municipios fuesen una parte. La enmienda entró en vigor el 1ro de mayo de 1996 y fue integrada al actual Reglamento del Tribunal Supremo, aprobado el 25 de abril de 1996, que entró en vigor el 1ro de mayo de 1996. Véase Regla 17(f) del Tribunal Supremo, 4 L.P.R.A. Ap. XXI-A.

tiene la opción de ser representada por el Secretario o contratar representación legal privada. Si opta por esto último, no cabe la menor duda de que el término que le aplica es el de treinta (30) días. Ni del historial legislativo ni de la disposición en sí surge que fuese la intención del Legislador crear la dicotomía de treinta (30) días si el querellante obtiene representación privada y sesenta (60) días si es representado por el Secretario.

No existe justificación en derecho que nos mueva a crear esta dicotomía, concediendo distintos términos dependiendo de la representación legal del obrero. No están presentes, en el caso que nos ocupa, las circunstancias que motivaron dicha ampliación del término apelativo.

Por los fundamentos antes expuestos, *se dictará sentencia en la que se desestima el recurso de apelación presentado por falta de jurisdicción.*