SISTEMA UNIVERSITARIO ANA G. MÉNDEZ, INC., demandante y peticionario, *v.* CONSEJO DE EDUCACIÓN SUPERIOR, demandado y recurrido.

*Número:* CC-96-382 *Resuelto:* 15 de noviembre de 1996

*Jorge E. Pérez Díaz* y *Heidi L. Rodríguez*, de *Pietrantoni, Méndez & Álvarez*, abogados de la parte peticionaria; *Jorge E. De La Cruz Skerrett*, abogado de la parte recurrida.

PER CURIAM: La Ley del Consejo de Educación Superior de Puerto Rico, Ley Núm. 17 de 16 de junio de 1993 (18 L.P.R.A. sec. 852 y ss.), creó un "nuevo" Consejo de Educación Superior de Puerto Rico (en adelante Consejo), separando las funciones de licenciar y acreditar instituciones universitarias privadas de las funciones correspondientes al gobierno de la Universidad de Puerto Rico. El Art. 7 de la citada Ley Núm. 17 (18 L.P.R.A. sec. 852e) expresamente le concede al Consejo la facultad, entre otras, para "demandar y ser demandada" y para "[a]cudir a los tribunales en casos de violaciones a la ley o los reglamentos, o cuando fuere necesario, para hacer efectivas las órdenes que emita".

 Constituye ya doctrina reiterada que el fundamento cardinal detrás de la enmienda que sufriera la Regla 53.1(b) de Procedimiento Civil, 32 L.P.R.A. Ap. III —a los efectos de ampliar el término, de treinta (30) a sesenta (60) días, para acudir ante este Tribunal por parte del Gobierno de Puerto Rico, sus funcionarios y algunas de sus

instrumentalidades— fue "proveer a la Oficina del Procurador General, que de ordinario tramita estos recursos apelativos, un término razonable para representar adecuadamente al Estado", *Almodóvar v. Warren Electric Co.*, 140 D.P.R. 906, 911 (1996), y no a aquellas instrumentalidades del Gobierno de Puerto Rico cuyos "asuntos litigiosos son atendidos por sus propios abogados", *Alcalde de San Juan v. Asamblea Municipal*, 132 D.P.R. 820, 829 (1993). Véase, además, *Rivera v. E.L.A.*, 140 D.P.R. 168 (1996).

Los asuntos litigiosos del "nuevo" Consejo, como surge de una somera lectura de los autos, *no* son atendidos a nivel de instancia ni a nivel apelativo por la Oficina del Procurador General de Puerto Rico y sí por abogados en la práctica privada y de su propia selección. Resulta obvio que la enmienda antes mencionada *no* favorece *ni* aplica en el presente caso.

La sentencia que el Tribunal de Circuito de Apelaciones emitiera en el presente caso fue notificada el 18 de septiembre de 1996. El término de treinta (30) días que tenía la parte peticionaria para acudir, vía *certiorari*, ante este Tribunal vencía el 19 de octubre de 1996. Dicho día fue sábado. En consecuencia, dicho término se extendió hasta el 21 de octubre de 1996. El presente recurso fue radicado —*fuera del término de treinta (30) días*— ante este Tribunal el día 30 de octubre de 1996. En consecuencia, procede denegar el recurso radicado por el fundamento de falta de jurisdicción.

*Se dictará la correspondiente sentencia.*

El Juez Asociado Señor Fuster Berlingeri no intervino.