SISTEMA UNIVERSITARIO ANA G. MÉNDEZ, INC., demandante y peticionario, *v.* CONSEJO DE EDUCACIÓN SUPERIOR, demandado y recurrido.

*Número:* CC-96-382 *Resuelto:* 21 de febrero de 1997

*Jorge E. Pérez Díaz, Heidi L. Rodríguez,* de *Pietrantoni, Méndez & Álvarez,* y *José E. De la Cruz Skerett,* abogados de la parte peticionaria; *David Rivé Rivera,* de *Vargas & Rivé,* abogado de la parte recurrida.

PER CURIAM:

# I

El 30 de octubre de 1996 el Sistema Universitario Ana G. Méndez, Inc. presentó ante este Tribunal una petición de *certiorari* en la cual cuestionó la sentencia que fuera dictada en el caso de epígrafe el 4 de septiembre de 1996 por el Tribunal de Circuito de Apelaciones, Circuito Regional de San Juan, y cuya notificación había sido archivada en autos el 18 de septiembre de 1996. A través de dicha sentencia, el tribunal apelativo confirmó, a su vez, una sentencia sumaria parcial que emitiera el Tribunal de Primera Instancia, Sala Superior de San Juan, en la que desestimó una de varias acciones que fueran interpuestas por la parte peticionaria contra el Consejo de Educación Superior para solicitar que se le concediera una licencia para conferir un grado de Maestría en Gerencia Ambiental con concentración en evaluación y manejo de riesgo y planificación ambiental.

La parte peticionaria había alegado ante el foro de instancia que el trámite de otorgación de licencias como la solicitada debía concluir dentro del término calendario de ciento veinte (120) días que dispone el Art. 11 de la Ley del Consejo de Educación Superior de Puerto Rico, Ley Núm. 17 de 16 de junio de 1993 (18 L.P.R.A. sec. 852i),[1] o de lo contrario se entendería como otorgada automáticamente. No obstante, dicho foro denegó el auto solicitado tras concluir que la instrumentalidad recurrida había denegado la licencia solicitada antes de que transcurriera el término aludido, ya que éste debía computarse únicamente a base de los días laborables. Sostuvo, además, que el término de

---

[1] El Art. 11(2) de la Ley del Consejo de Educación de Puerto Rico dispone lo siguiente:

"(2) La tramitación de una licencia no podrá extenderse por más de ciento veinte (120) días a partir de la fecha de la radicación de la solicitud correspondiente. Pasado ese término, la licencia se considerará otorgada si no ha mediado una decisión en sentido contrario." 18 L.P.R.A. sec. 852i(2).

ciento veinte (120) días podía ser extendido cuando existieran razones de peso capaces de justificar dicha extensión. Por idénticos fundamentos el Tribunal de Circuito de Apelaciones confirmó la sentencia recurrida.

Ahora bien, en vista de que la parte recurrida, el Consejo de Educación Superior, es una instrumentalidad del Gobierno, la parte peticionaria confió en que el término aplicable para presentar su recurso ante este Tribunal era de sesenta (60) días. Luego de un análisis detenido de la petición presentada en dicha ocasión, el 15 de noviembre de 1996 emitimos una opinión *per curiam* mediante la cual expresamos lo siguiente:

> ... [El] fundamento cardinal detrás de la enmienda que sufriera la Regla 53.1(b) de Procedimiento Civil, 32 L.P.R.A. Ap. III —a los efectos de ampliar el término, de treinta (30) a sesenta (60) días, para acudir ante este Tribunal por parte del Gobierno de Puerto Rico, sus funcionarios y algunas de sus instrumentalidades— fue "proveer a la Oficina del Procurador General, que de ordinario tramita estos recursos apelativos, un término razonable para representar adecuadamente al Estado", *Almodóvar v. Warren Electric Co.*, 140 D.P.R. 906, 911 (1996), y no a aquellas instrumentalidades del Gobierno de Puerto Rico cuyos "asuntos litigiosos son atendidos por sus propios abogados ...". *Sist. Univ. Ana G. Méndez v. C.E.S. I*, 142 D.P.R. 23, 24–25 (1996).

En vista de ello, y tomando en consideración que los asuntos litigiosos de la instrumentalidad recurrida no son atendidos por la Oficina del Procurador General de Puerto Rico y sí por abogados en la práctica privada de su propia selección, concluimos que la aludida extensión del término para recurrir ante este Tribunal no resultaba de aplicación al caso de autos; sino que, por el contrario, el término aplicable era de treinta (30) días. En consecuencia, dictamos la sentencia correspondiente para declarar no ha lugar y/o desestimar el recurso presentado por falta de jurisdicción.

Inconforme, el 25 de noviembre de 1996 la parte peticionaria presentó ante nos una moción de reconsideración en la que alegó, en síntesis, que el texto del artículo 3.002(d)(1) de la Ley de la Judicatura de Puerto Rico de

1994 (4 L.P.R.A. sec. 22i(d)(1)),([2]) la Regla 53.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, así como la Regla 20(a)(1) del Reglamento de este Tribunal, 4 L.P.R.A. Ap. XXI-A, disponen *claramente, y sin ambigüedades,* que en casos como el de autos, en los cuales las instrumentalidades del Gobierno de Puerto Rico sean partes en el pleito, la petición de *certiorari* deberá ser presentada ante este Tribunal dentro del término jurisdiccional de sesenta (60) días. Por lo que, a su entender, no hay razón para acudir al historial legislativo en aras de proveer una interpretación al respecto. Añade que las disposiciones aludidas no contienen lenguaje de clase alguna que limite su aplicación a aquellos casos en que la Oficina del Procurador General ostente la representación legal de la parte.

Atendidos los fundamentos en que se apoya la moción de reconsideración presentada, así como la normativa aplicable, reconsideramos nuestra determinación original y concluimos que le asiste la razón a la parte peticionaria. Veamos.

## II

En lo pertinente, la Regla 53.1(d)(1) de Procedimiento Civil, según enmendada, 32 L.P.R.A. Ap. III, dispone lo siguiente:

> En aquellos casos en que el Estado Libre Asociado de Puerto Rico, sus funcionarios, alguna de sus instrumentalidades que no fuere una corporación pública o los municipios de Puerto Rico sean parte, la solicitud de *certiorari* para revisar las sentencias en recursos de apelación emitidas por el Tribunal de Circuito de Apelaciones deberá ser presentada en la secretaría del Tribunal Supremo, por cualquier parte en el pleito perjudicada por la sentencia, dentro del término jurisdiccional de sesenta (60) días contados desde la fecha del archivo en autos de copia de la notificación de la sentencia recurrida.([3])

---

([2]) Ley Núm. 1 de 28 de julio de 1994, según enmendada.

([3]) Adviértase que el Art. 3.002(d)(1) de la Ley de la Judicatura de 1994, según enmendada, 4 L.P.R.A. sec. 22i(d)(1), así como la Regla 20(a)(1) del Reglamento de este Tribunal, 4 L.P.R.A. Ap. XXI-A, proveen la aplicación del referido término de

 Ciertamente, una simple lectura de la disposición antes transcrita demuestra inequívocamente la claridad y falta de ambigüedad en su contenido con respecto a la extensión del término de sesenta (60) días a todas las partes involucrados en el pleito en cualquier caso en que una instrumentalidad del Gobierno, como la de autos, sea parte también. Razón por la cual, como principio de hermenéutica, su letra no debe ser menospreciada bajo el pretexto de cumplir con su espíritu.(⁴) Hemos sostenido que el texto claro de una ley es la expresión por excelencia de la interpretación legislativa. *Rojas v. Méndez,* supra; *Rivera Coll v. Tribunal Superior,* 103 D.P.R. 325, 331 (1975), y *Rodríguez Rodríguez v. Gobernador,* 91 D.P.R. 101 (1964).

 Más aún, al amparo de tal principio de hermenéutica, en *El Vocero v. Junta de Planificación,* 121 D.P.R. 115, 121 (1988), expresamos lo siguiente, con respecto a la aplicación del término dispuesto en la aludida Regla 53.1:

---

sesenta (60) días de manera idéntica a la Regla 53.1(d)(1) de Procedimiento Civil, 32 L.P.R.A. Ap. III.

A tales efectos, el referido Art. 3.002(d)(1) dispone expresamente, en lo pertinente, que:

"En aquellos casos civiles en que el Estado Libre Asociado de Puerto Rico, sus funcionarios, alguna de sus instrumentalidades que no fuere una corporación pública o los municipios de Puerto Rico sean parte, la solicitud de *certiorari* para revisar las sentencias en recurso de apelación emitidas por el Tribunal de Circuito de Apelaciones deberá ser presentada en la secretaría del Tribunal Supremo, por cualquier parte en el pleito perjudicada por la sentencia, dentro del término jurisdiccional de sesenta (60) días contados desde la fecha del archivo en autos de copia de la notificación de la sentencia recurrida."

Por su parte, la aludida Regla 20(a)(1) del Reglamento del Tribunal Supremo dispone lo siguiente:

"(1) Cuando el recurso de *certiorari* se presente para revisar una sentencia emitida por el Tribunal de Circuito de Apelaciones en un recurso de apelación, según lo dispone el [Artículo 3.002(d)(1)] de la Ley de la Judicatura de Puerto Rico de 1994, la solicitud deberá ser presentada dentro de un término de treinta (30) días. En caso de que una de las partes sea el Estado Libre Asociado de Puerto Rico, sus funcionarios, alguna de sus instrumentalidades, que no sea una corporación pública, o un municipio, el término para formalizar la petición será de sesenta (60) días. Los términos aquí dispuestos son jurisdiccionales."

(⁴) Véanse: Art. 14 del Código Civil, 31 L.P.R.A. sec. 14; *Cotto v. Depto. de Educación,* 138 D.P.R. 658 (1995); *Com. Seguros de P.R. v. Gen. Accident Ins. Co.,* 132 D.P.R. 543 (1993); *Santiago v. Kodak Caribbean, Ltd.,* 129 D.P.R. 763 (1992); *Calderón v. Adm. Sistemas de Retiro,* 129 D.P.R. 1020 (1992); *El Vocero v. Junta de Planificación,* 121 D.P.R. 115, 121 (1988); *Rojas v. Méndez & Co., Inc.,* 115 D.P.R. 50 (1984).

*El texto de la Ley Núm. 143, supra,*([5]) *es claro y su contenido no da margen a establecer distinciones entre agencias o funcionarios que recurran ante nos representados por el Procurador General y aquellas agencias públicas que comparezcan por sí mismas.* Esta ley proveyó al Estado Libre Asociado de Puerto Rico, a sus instrumentalidades y a sus funcionarios gubernamentales, que no sean una corporación pública, un término de sesenta (60) días para presentar el recurso de revisión ante nos.
...
Por otra parte, la enmienda a la Regla 53.1(b) de Procedimiento Civil de 1979, *supra*, no altera términos más cortos establecidos por leyes especiales.

En cuanto a la extensión de la aplicabilidad de la referida ley a otras partes públicas o privadas, el texto es claro. En lo pertinente, dispone que el término para recurrir al Tribunal Supremo en recurso de revisión se extiende a sesenta (60) días para *cualquier parte* en el pleito. (Énfasis suplido y en el original.)

■ De otra parte, realmente, en los casos en que hemos acudido al historial legislativo para realizar una interpretación de la Regla 53.1, *supra*, ha sido en aquellos en que el estatuto no dispone expresamente sobre la controversia planteada y, por lo tanto, surge una laguna que nos corresponde suplir.([6])

En consecuencia, en el caso de autos debemos ceñirnos a la letra de la ley, y no a establecer distinciones que no fueron incluidas por el legislador entre aquellas instrumentalidades del Gobierno de Puerto Rico que recurran ante nos representadas por la Oficina del Procurador General y aquellas que comparezcan representadas por abogados de su propia selección. Máxime si tenemos presente

---

([5]) La Ley Núm. 143 de 18 de julio de 1986 (32 L.P.R.A. Ap. III) tuvo el efecto de incluir el referido término de sesenta (60) días en la entonces vigente Regla 53.1(b) de Procedimiento Civil, cuyo texto corresponde a la actual Regla 53.1(d)(1), *supra*.

([6]) Véanse: *Almodóvar v. Warren Electric Co.*, 140 D.P.R. 906 (1996), (ocasión particular en la que un funcionario del Gobierno, el Secretario del Departamento del Trabajo, fungía como representante de la parte apelada, y no como parte en el pleito); *Rivera v. E.L.A.*, 140 D.P.R. 168 (1996), (caso en que, ante el mutismo de la Ley de la Judicatura de Puerto Rico de 1994, surgía la interrogante sobre la aplicación del término de sesenta (60) días para recurrir ante el Tribunal de Circuito de Apelaciones), y *Alcalde de San Juan v. Asamblea Municipal*, 132 D.P.R. 820, 828–829 (1993), (en donde debíamos resolver si el término de sesenta (60) días aplicaba a los municipios, toda vez que, originalmente, la Regla 53.1, *supra*, no disponía sobre el particular).

que, a través de las enmiendas introducidas recientemente a la Ley de la Judicatura de Puerto Rico de 1994, así como a las Reglas de Procedimiento Civil,[7] la Asamblea Legislativa tuvo la oportunidad de marcar tal diferencia y no lo hizo.

Por consiguiente, tomando en consideración que la petición de epígrafe fue presentada ante este Tribunal el 30 de octubre de 1996, y en vista de que la copia de la notificación de la sentencia recurrida fue archivada en autos el 18 de septiembre de 1996, resulta forzoso concluir que dicho recurso fue presentado en tiempo.

Sin embargo, luego de asumir jurisdicción sobre la petición de *certiorari* ante nos, y tras un estudio de los planteamientos esgrimidos por la parte peticionaria, resolvemos que, en sus méritos, procede declarar no ha lugar dicho recurso. Ello en vista de que la sentencia recurrida resulta ser esencialmente correcta.

## III

A través de su primer señalamiento de error, la parte peticionaria sostiene que procedía conceder la licencia solicitada, ya que había transcurrido en exceso el término de ciento veinte (120) días dispuesto en el Art. 11 de la Ley del Consejo de Educación Superior, *supra*, para la otorgación de licencias como la de autos. Término que, a su entender, resulta improrrogable. No le asiste la razón.

Coincidimos con las expresiones del foro apelativo a los efectos de que, aún cuando el referido Art. 11 de la Ley del Consejo de Educación Superior no dispone *expresamente* que el término allí dispuesto corresponde a días laborables, así debe ser interpretado luego de un análisis conjunto de dicho artículo y las disposiciones del Art. 10 de

---

(7) La Ley de la Judicatura de Puerto Rico de 1994 fue enmendada por la Ley Núm. 248 de 25 de diciembre de 1995 (4 L.P.R.A. secs. 22i–22k, 22n–22p, 23f y 23n). Por su parte, las Reglas de Procedimiento Civil fueron enmendadas por la Ley Núm. 249 de 25 de diciembre de 1995 (32 L.P.R.A. Ap. III).

esta ley, 18 L.P.R.A. sec. 852h.([8]) A fin de cuentas, ambas disposiciones forman parte de un mismo conjunto de normas dirigidas a regular el proceso de licenciar y acreditar a las instituciones educativas. Además, tal interpretación es la única que se encuentra acorde con la importante política pública de que el Estado evalúe a las instituciones educativas a los fines de asegurarse de que éstas cumplan con ciertos requisitos básicos.

▇ Por otro lado, le asiste la razón al foro recurrido al sostener que dicho término podrá ser prorrogado cuando existan razones válidas que lo justifiquen. De lo contrario se obtendría un resultado irrazonable o absurdo. Ciertamente, resulta inconcebible que la parte peticionaria reconociera la facultad del Consejo de Educación Superior para concederle extensiones de tiempo para su beneficio durante el proceso de tramitación de su licencia y que, posteriormente, pretenda cuestionar dicha autoridad cuando ella se utiliza en beneficio de la referida instrumentalidad en una situación que ameritaba tal extensión.([9])

Por último, la parte peticionaria alega que erró el Tribunal de Circuito de Apelaciones al resolver que procedía dictar la sentencia sumaria a favor de la parte recurrida,

---

([8]) En lo pertinente, el Art. 10 de la Ley del Consejo de Educación Superior, 18 L.P.R.A. sec. 852h, dispone, en lo pertinente:

"Las funciones del Consejo de Educación Superior de licenciar y acreditar las instituciones públicas y privadas de educación superior, se realizarán con la participación de Juntas Consultivas.

. . . . . . . .

"La Junta Consultiva rendirá un Informe de Hallazgos por escrito, a ser remitido a la institución evaluada, dentro de los treinta (30) días *laborables* después de concluida la vista de evaluación a la institución solicitante. La institución tendrá treinta (30) días *laborables* para remitir a la Junta Consultiva, por conducto del Consejo, un Informe de Reacción en el que exponga su posición respecto a los señalamientos que se le hayan hecho. La Junta someterá entonces su Informe Final al Consejo dentro de los treinta (30) días laborables de haber recibido el Informe de Reacción de la Institución. En caso de que la visita no sea necesaria, el período de treinta (30) días se contará a partir de la fecha en que la Oficina de Licencia y Acreditación del Consejo certifique que la institución a evaluarse sometió toda la documentación requerida por reglamento." (Énfasis suplido.)

([9]) Según surge de los documentos ante nos, el Consejo de Educación Superior extendió dicho término debido a los atrasos que fueron provocados por la mudanza de sus oficinas.

sin que dicha parte estableciera los hechos requeridos y sin darle oportunidad al Sistema Universitario Ana G. Méndez, Inc. de oponerse a ello. Tampoco podemos coincidir con tal planteamiento.

Si bien el tribunal de instancia dictó sentencia sumaria en el caso de autos a favor del Consejo de Educación Superior sin que dicha instrumentalidad la solicitara, su determinación dependía únicamente de una controversia de derecho en términos de la interpretación del referido artículo 11, *supra*. Razón por la cual, al no existir controversia de hechos sustanciales, procedía dictar una sentencia sumaria.

## IV

A la luz de todos los fundamentos expuestos anteriormente, y por vía de reconsideración, se deja sin efecto la opinión *per curiam*, así como la sentencia que la acompaña, emitidas por este Tribunal el 15 de noviembre de 1996 en el caso de epígrafe. Además, luego de asumir jurisdicción sobre la petición de *certiorari* presentada, en sus méritos, ésta se declara No Ha Lugar.

*Se dictará la sentencia correspondiente.*

El Juez Asociado Señor Rebollo López emitió una opinión disidente. El Juez Asociado Señor Fuster Berlingeri no intervino.

## — O —

Opinión disidente emitida por el Juez Asociado Señor Rebollo López.

Expresa la mayoría de los integrantes del Tribunal, en apoyo de su *errónea* determinación de reconsiderar la decisión que originalmente se emitiera en el presente caso el 15 de noviembre de 1996, que "en el caso de autos debemos ceñirnos a la letra de la ley" en controversia; ello en vista

de "la claridad y falta de ambigüedad en su contenido". Opinion *per curiam*, págs. 566 y 567.

*La mayoría convenientemente se olvida de que el principio de hermenéutica* —a los efectos de que cuando la ley es clara, y libre de toda ambigüedad, su letra no debe ser menospreciada— *no es uno absoluto, a ser aplicado automáticamente, y que dicho principio tiene que ceder en situaciones, como la presente, en que la "interpretación literal de la Ley [conduce] a resultados absurdos o [da] lugar a discrímenes o distinciones que [carecen] de una base racional".* (Énfasis suplido.) *Atiles, Admor. v. Comisión Industrial*, 77 D.P.R. 16, 20 (1954).

En otras palabras, este Tribunal, en situaciones en las que una interpretación literal de la letra de la ley resulta ser contraria a la clara intención legislativa, viene en la obligación de "penetrar la superficie verbal del problema ante nos, *precisar el diseño y la razón de ser de las disposiciones legales que aquí nos ocupan,* sopesar los intereses en juego, *para intentar acercarnos a la interpretación más justiciera".* (Énfasis suplido.) *Pueblo v. Tribunal Superior*, 104 D.P.R. 363, 366 (1975).

I

*No* hay duda de que, de una lectura de la letra de la enmienda que sufriera la Regla 53.1(d)(1) de las Reglas de Procedimiento Civil, 32 L.P.R.A. Ap. III,([1]) no surgen distinciones entre aquellas instrumentalidades del Gobierno de Puerto Rico que recurran ante nos representadas por la

---

([1]) Dicha disposición reglamentaria establece, en lo pertinente, que:

"*En aquellos casos civiles en que el Estado Libre Asociado de Puerto Rico, sus funcionarios o una de sus instrumentalidades que no fuere una corporación pública o los municipios de Puerto Rico sean parte,* la solicitud de certiorari para revisar las sentencias en recursos de apelación emitidas por el Tribunal de Circuito de Apelaciones deberá ser presentada en la secretaría del Tribunal Supremo, *por cualquier parte* en el pleito perjudicada por la sentencia, *dentro del término jurisdiccional de sesenta (60) días contados desde la fecha del archivo en autos de copia de la notificación de la sentencia recurrida.*" (Énfasis suplido.) Regla 53.1(d)(1) de Procedimiento Civil, 32 L.P.R.A. Ap. III.

Oficina del Procurador General, y aquellas que comparez-
can representadas por abogados de su propia selección.

*Ello no obstante* —y con el propósito de no caer en re-
sultados absurdos o no permitir distinciones que adolezcan
de una base racional— *resulta imperativo, a nuestro juicio,
que nos cuestionemos el por qué de la enmienda.* El propó-
sito de la misma surge con meridiana claridad de la expo-
sición de motivos de la ley enmendatoria de la antes citada
Regla 53.1(d)(1) de Procedimiento Civil. En la Exposición
de Motivos de la Ley Núm. 143 de 19 de julio de 1986,
Leyes de Puerto Rico, pág. 465, ley que originalmente en-
mendó la antes mencionada disposición reglamentaria, el
legislador expresó que:

> En aquellos casos en que el Estado Libre Asociado, sus funcio-
> narios o instrumentalidades presentan un recurso de apela-
> ción, revisión, *certiorari* o certificación ante el Tribunal Su-
> premo de Puerto Rico *generalmente son representados por la
> Oficina del Procurador General.* En *todos estos casos* es necesa-
> ria una coordinación efectiva de las Divisiones de Litigios Ge-
> nerales; Asuntos Contributivos; División de Asuntos del Con-
> tralor y de Casos de Tierras del Departamento de Justicia con
> la Oficina del Procurador General. Esta coordinación conlleva
> un trámite interno necesario que *en la práctica reduce conside-
> rablemente el plazo de tiempo que dispone la Oficina del Procu-
> rador General para formalizar el recurso de revisión.* La mayo-
> ría de los casos en que el Estado Libre Asociado de Puerto Rico,
> sus funcionarios o instrumentalidades que no fueren una cor-
> poración pública interesen presentar un recurso de revisión
> ante el Tribunal Supremo de sentencias adversas dictadas por
> el Tribunal Superior, *se refieren a la·Oficina del Procurador
> General cuando está próximo a vencer el término de treinta (30)
> días que dispone la actual Regla 53.1(b) de las de Procedi-
> miento Civil de 1979. El problema surge porque las gestiones de
> trámite y coordinación que se llevan a cabo antes de referir el
> caso al Procurador General consumen con gran frecuencia, más
> de la mitad del término jurisdiccional para formalizar el re-
> curso de revisión.*
> En consecuencia *la Oficina del Procurador General* dispone
> de un plazo extremadamente breve dentro del cual deberá es-
> tudiar los expedientes de los casos referidos, realizar las inves-
> tigaciones pertinentes, reunirse con los abogados que han tra-
> mitado los casos ante el tribunal de primera instancia,
> consultar el conocimiento experto de los funcionarios de las ins-
> trumentalidades que han referido los casos, decidir si se va a

revisar la sentencia, presentar las recomendaciones y preparar o redactar el escrito de revisión para su presentación ante el Tribunal Supremo.

*En consecuencia, se considera conveniente, necesario y de gran interés público, que se enmiende la Regla 53.1(b) de las de Procedimiento Civil de 1979*, para ampliar a sesenta (60) días el término dentro del cual deberá formalizarse el recurso de revisión en aquellos casos en que el Estado Libre Asociado de Puerto Rico, sus funcionarios o instrumentalidades *que no fuera una corporación pública* sean parte. (Énfasis suplido.) Leyes de Puerto Rico, ante, págs. 465–466.

*Resulta palmariamente evidente que el fundamento cardinal, y único, detrás de la enmienda en controversia fue proveerle al Procurador General de Puerto Rico un término adicional para poder representar, de manera adecuada y eficiente, al Estado a nivel apelativo.* Así, específicamente, lo hicimos constar en *Alcalde de San Juan v. Asamblea Municipal*, 132 D.P.R. 820, 828–829 (1993), caso en el cual expresamos, en lo pertinente, que:

> Como podemos notar, la enmienda que le hiciera el legislador a la mencionada disposición reglamentaria tuvo el *transparente propósito* de garantizar que aquellos procedimientos judiciales apelativos en que se ve envuelto el Gobierno de Puerto Rico y/o alguna de sus instrumentalidades —*los cuales, de ordinario, son tramitados por la Oficina del Procurador General de Puerto Rico*— no se vieran afectados o perjudicados por *falta de tiempo* de dicho funcionario para atender adecuadamente los mismos. *Aparentemente debido a ello es que específicamente se exceptuaron de la aplicación de dicha enmienda a las corporaciones públicas ya que sus asuntos litigiosos son atendidos por sus propios abogados y no por la Oficina del Procurador General.* (Escolios omitidos, énfasis suplido y en el original.)

Dicho de otra forma, y de la manera más sencilla, el propósito que inspiró esta enmienda fue situar al Procurador General en *igualdad de condiciones* respecto a los demás litigantes que, de ordinario y en la inmensa mayoría de los casos, son representados por abogados, o bufetes, en la práctica privada de la profesión. Debe recordarse que la Oficina del Procurador General *no* cuenta con personal ilimitado. Los abogados que allí laboran tienen que atender cientos de casos al año a nivel apelativo; *situación que*

*hacía imperativo que se le concediera a dicha oficina tiempo adicional para radicar los alegatos en dichos casos.*

Esa, ciertamente, *no* es la situación cuando la instrumentalidad pública está representada por abogados, o bufetes, en la práctica privada de la profesión, los cuales se ven beneficiados por jugosas "igualas" del Gobierno de Puerto Rico; situación que les permite contratar suficientes abogados para atender los casos que genera la "iguala" concedida. *En esas situaciones, claramente no se justifica la extensión del término de treinta (30) a sesenta (60) días.*

Como corolario de lo anteriormente expresado, dicho beneficio *tampoco* se justifica, *en situaciones como la presente,* en que una parte privada pretende acogerse a la extensión del término que concede la citada Regla 53.1(d)(1) de Procedimiento Civil por, *meramente,* estar litigando contra una instrumentalidad del Gobierno —en este caso, el Consejo Superior de Enseñanza— *la cual está siendo representada por un abogado en la práctica privada de la profesión y no por la Oficina del Procurador General de Puerto Rico.*

Expresado en forma sencilla, ¿qué razón existe para aplicar al presente caso el beneficio de la extensión del término, concedido por la antes citada disposición reglamentaria, *cuando ambas partes en el caso están siendo representadas por abogados en la práctica privada de la profesión?* Tan absurdo resultado *no* puede haber sido previsto, ni deseado, por el Legislador al llevar a cabo la enmienda en controversia. *Atiles, Admor. v. Comisión Industrial,* ante.

A nuestro juicio, la *aplicación indiscriminada* que hace la mayoría en el día de hoy de la enmienda que sufriera la antes citada Regla 53.1(d)(1) de Procedimiento Civil se aparta, y es contraria, al espíritu y propósito detrás de la misma, cual es, *repetimos,* situar a la Oficina del Procurador General en la posición óptima de proveerle una defensa adecuada al Estado.La generosa concesión que le hace hoy el Tribunal al prestigioso bufete de abogados que repre-

senta a la parte peticionaria, carece de fundamento alguno de justicia, equidad, economía procesal o lógica.

Esta sorprendente y magnánima concesión se aparta de la sabia norma jurisprudencial a los efectos de que "los tribunales deben evitar la interpretación de estatutos que pueda conducir a resultados irrazonables o absurdos". Véanse: *Díaz Marín v. Mun. de San Juan*, 117 D.P.R. 334, 342 (1986); *Passalacqua v. Mun. de San Juan*, 116 D.P.R. 618, 623 (1985); *In re Marín Báez*, 81 D.P.R. 274, 278 (1959); *Borinquen Furniture v. Tribl. de Distrito*, 78 D.P.R. 901, 905 (1956).

Es por ello que disentimos.