3/0 CONSTRUCTION, S.E., demandante y peticionaria, *v.* MUNICIPIO DE RÍO GRANDE, demandado y recurrido.

*Número:* CC-97-730          *Resuelto:* 31 de diciembre de 1998

*José Luis Vilá Pérez*, abogado de la parte peticionaria; *Francisco San Miguel Fuxench*, de *Pagán & Pagán*, y *Pablo Landrau Pirazzi*, de *Aldarondo & López Brás*, abogado de la parte recurrida.

## RESOLUCIÓN

En el caso de autos, la peticionaria (3/0 Construction, S.E.) comparece ante nos y solicita que revisemos una sentencia dictada por el Tribunal de Circuito de Apelaciones el 30 de septiembre de 1997, la cual fue archivada en autos el 7 de octubre de 1997. Mediante ésta se confirmó la sentencia dictada por el Tribunal de Primera Instancia, Sala de Carolina, que condena a la peticionaria al pago de arbitrios municipales sobre la construcción de obras en terrenos bajo la jurisdicción del gobierno de Estados Unidos a base del precio total del contrato de construcción. El tribunal de instancia dictó sentencia sumaria a favor del Municipio de Río Grande el 19 de mayo de 1997, y notificó su archivo el 27 de mayo de 1997. De tal dictamen recurrió la peticiona-

ria mediante una apelación ante Tribunal de Circuito de Apelaciones, el cual confirmó.

Inconforme, el 8 de diciembre de 1997 la peticionaria, presentó ante este Tribunal una petición de *certiorari* para solicitar la revisión de la sentencia antes mencionada, dictada por el Tribunal de Circuito de Apelaciones. El 27 de febrero de 1998 emitimos una resolución en la cual le concedimos a las partes un término simultáneo de treinta (30) días para que presentaran sus alegatos "discutiendo si aplica el término jurisdiccional de treinta (30) o sesenta (60) días para la radicación del recurso".[1]

Las partes coinciden en sus respectivas comparecencias al señalar que, en casos cuando el municipio es parte, el término correspondiente para acudir vía *certiorari* ante este Tribunal es de sesenta (60) días. A esos efectos, hacen referencia a que la Regla 53.1(d)(1) de Procedimiento Civil, 32 L.P.R.A. Ap. III, según enmendada, que dispone lo siguiente en su parte pertinente:

(d) *Recurso de certiorari al Tribunal Supremo*:

. . . . . . . .

En aquellos casos en que el Estado Libre Asociado de Puerto Rico, sus funcionarios, alguna de sus instrumentalidades que no fuere una corporación pública o los municipios de Puerto Rico sean parte, la solicitud de *certiorari* para revisar las sentencias en recurso de apelación emitidas por el Tribunal de Circuito de Apelaciones deberá ser presentada en la secretaría del Tribunal Supremo, por cualquier parte en el pleito perjudicada por la sentencia, dentro del término jurisdiccional de sesenta (60) días contados desde la fecha del archivo en autos de copia de la notificación de la sentencia recurrida.

La regla es clara al establecer un término de sesenta (60) días para la revisión de sentencias en aquellos casos en los que el Estado Libre Asociado, sus funcionarios, sus instrumentalidades o los municipios sean parte en el

---

[1] El recurso fue presentado dentro del término de sesenta (60) días del archivo en autos de la notificación de la sentencia recurrida.

pleito. La única salvedad a la ampliación del término se hace con referencia a las corporaciones públicas, que sólo cuentan con treinta (30) días para solicitar la revisión de las sentencias dictadas en los casos en que sean parte.

En este sentido, bien sabemos que cuando la letra de la ley es clara no hay espacio para interpretaciones y la voluntad del legislador tiene que ser respetada. Véanse: Art. 14 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 14; *Vázquez v. A.R.PE.*, 128 D.P.R. 513 (1991); *Pueblo v. Ortega Santiago*, 125 D.P.R. 203 (1990); *Meléndez v. Tribunal Superior*, 90 D.P.R. 656 (1964).

Ahora bien, a los fines de disipar cualquier resquicio de duda en torno a la intención del legislador al redactar esta última versión de la Regla 53.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, un vistazo a las enmiendas hechas a ésta en los pasados quince (15) años es suficiente para sostener nuestra conclusión.

En 1986 la Asamblea Legislativa enmendó la regla a los fines de ampliar a sesenta (60) días el plazo para formalizar los recursos de revisión de sentencias en casos en los que "el Estado Libre Asociado de Puerto Rico, sus funcionarios o sus instrumentalidades que no fueren corporaciones públicas sean parte". Ley Núm. 142 de 18 de julio de 1986, Leyes de Puerto Rico, pág. 464. Posteriormente, la referida regla fue enmendada por la Ley Núm. 108 de 7 de diciembre de 1993, Leyes de Puerto Rico (Parte 1), págs. 514–515, con el propósito expreso de hacer extensivo a los municipios el término de sesenta (60) días para presentar las solicitudes de revisión de las sentencias dictadas por el extinto Tribunal Superior.[2]

En la Exposición de Motivos de la Ley Núm. 108, *supra,* se estableció prístinamente la intención legislativa de ex-

---

[2] En la redacción anterior, las palabras "los municipios" venían precedidas por la conjunción "y", y no por la "o" como ocurre con la última versión de la regla. Esta modificación no tiene el efecto ni el propósito de variar la intención legislativa según manifestada en la Exposición de Motivos de la Ley Núm. 108 de 7 de diciembre de 1993, Leyes de Puerto Rico (Parte 1), págs. 514–515,

tender el término de treinta (30) a sesenta (60) días para la revisión de sentencias de aquellos casos en que los municipios sean parte.

> La Ley Núm. 143 de 18 de junio de 1986, enmendó las Reglas de Procedimiento Civil para el Tribunal General de Justicia de 1979, a los fines de ampliar a sesenta (60) días el término dentro del cual deberá formalizare el recurso de revisión en aquellos casos en que el Estado Libre Asociado de Puerto Rico, sus funcionarios o instrumentalidades que no fueren una corporación pública, fueran parte.
>
> El Secretario de Justicia ha reiterado que cuando el legislador ha querido incluir en la aplicación de alguna disposición legal a los municipios lo ha hecho de forma expresa.
>
> *La Asamblea Legislativa entiende que la organización gubernamental a nivel municipal está integrada por diferentes divisiones o programas y, por tal razón, cuando una reclamación judicial culmina en sentencia adversa al municipio la preparación del recurso de revisión exige, en muchos casos, la coordinación entre dependencias municipales, lo que consume tiempo adicional a sus abogados.*" (Énfasis suplido.) Leyes de Puerto Rico de 1993, *supra*, pág. 514.

De la cita antes transcrita, inequívocamente surge que el legislador ha querido aplicarle el término de revisión apelativa de las sentencias dictadas por el Tribunal de Primera Instancia (y a raíz de la nueva Ley de la Judicatura de Puerto Rico de 1994 y también de las sentencias dictadas por el Tribunal de Circuito de Apelaciones) a aquellos casos en que los municipios sean parte, de la misma manera que se le aplicaba a los recursos de revisión de sentencias en aquellos casos en los que el Gobierno de Puerto Rico, sus funcionarios o alguna de sus instrumentalidades —que no fueren corporaciones públicas— sean parte. En este respecto, lo único que razonablemente podemos deducir del texto de la Regla 53.1 de Procedimiento Civil, *supra*, es que *el legislador solamente ha querido excluir de la ampliación de los términos de revisión a los casos en los que las corporaciones públicas sean parte*. La enmienda de 1995 fue efectuada por la Asamblea Legislativa con el propósito de armonizar las Reglas de Procedimiento Civil con

las disposiciones de la Ley de la Judicatura de Puerto Rico de 1994, y no encontramos nada en la nueva redacción de la Ley Núm. 249 de 25 de diciembre de 1995 (4 L.P.R.A. secs. 22i–22k, 22n–22p, 23f y 23n) que remotamente insinúe que, en el breve período de menos de tres (3) años que transcurrió entre la aprobación de ambas leyes, la intención del legislador hubiera cambiado a los fines de excluir a los municipios de los términos dispuestos por la regla.

Por otra parte, no cabe duda que la peticionaria —3/0 Construction, S.E.— se podía beneficiar del término de sesenta (60) días a los fines de presentar su solicitud de *certiorari* ante nos, debido a que el texto de la Regla 53.1(d)(1) de Procedimiento Civil, *supra,* es muy claro al señalar que el término para recurrir al Tribunal Supremo mediante un recurso de revisión de sentencias se extiende a sesenta (60) días para cualquier parte en el pleito. Véase, además, *Sist. Univ. Ana G. Méndez v. C.E.S. II,* 142 D.P.R. 558 (1997). Por consiguiente, la petición fue presentada oportunamente.

Atendido el problema jurisdiccional, en el ejercicio de nuestra discreción proveemos no ha lugar a la petición de *certiorari* presentada el 8 de diciembre de 1997.

*Publíquese.*

Lo acordó el Tribunal y certifica la Subsecretaria del Tribunal Supremo. El Juez Asociado Señor Rebollo López disintió por los fundamentos que expresara en la opinión disidente que emitiera en *Sist. Univ. Ana G. Méndez v. C.E.S. II*, supra. La Juez Asociada Señora Naveira de Rodón emitió un voto particular, al cual se une el Juez Asociado Señor Hernández Denton.

*(Fdo.)* Carmen E. Cruz Rivera
*Subsecretaria del Tribunal Supremo*

— o —

Voto particular de la Juez Asociada Señora Naviera de Rodón, al cual se une el Juez Asociado Señor Hernández Denton.

En el caso de autos tenemos que resolver como cuestión jurisdiccional de umbral, si a los municipios les aplica el término de treinta (30) días o el de sesenta (60) para presentar un escrito de *certiorari* para revisar una sentencia en apelación del Tribunal de Circuito de Apelaciones (en adelante el Tribunal de Circuito). Art. 3.002(d)(1) del Plan de Reorganización Núm. 1 de la Rama Judicial de 28 de julio de 1994, según enmendado, conocido por la Ley de la Judicatura de Puerto Rico de 1994, según enmendada, 4 L.P.R.A. sec. 22i(d)(1).

No cabe duda de que la Ley Núm. 108 de 7 de diciembre de 1993, que enmendó la Regla 53.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, tuvo el propósito de aumentar a sesenta (60) días el término para formalizar el recurso, en aquel entonces discrecional de revisión, ante el Tribunal Supremo, en aquellos casos en que los municipios fuesen parte. Véase, además, *Rivera v. E.L.A.*, 140 D.P.R. 168 (1996). En esos momentos sólo existía, como regla general, una etapa apelativa.

Mediante la Ley Núm. 108, *supra,* claramente se dispuso, en lo pertinente, lo siguiente:

> ... En aquellos casos en que el Estado Libre Asociado de Puerto Rico, sus funcionarios o *una de sus instrumentalidades que no fuere una corporación pública y los Municipios de Puerto Rico* sean parte en un pleito, el recurso de revisión se formalizará, por cualquier parte, presentando una solicitud en la Secretaría del Tribunal Supremo dentro de los sesenta (60) días siguientes al archivo en autos de una copia de la notificación de la sentencia dictada por el Tribunal Superior. (Énfasis suplido.) 1993 (Parte 1) Leyes de Puerto Rico 515.

Ahora bien, como consecuencia de la reforma judicial de

1994 y a los fines de atemperar las reglas procesales a la nueva organización judicial, la Regla 53.1 de Procedimiento Civil, *supra*, fue enmendada el 25 diciembre de 1995 por la Ley Núm. 249 (32 L.P.R.A. Ap. III). Esta revisión tuvo como propósito, entre otras cosas, adecuar las entonces vigentes reglas procesales a la nueva estructura judicial para evitar que éstas desvirtuasen el propósito cardinal de la Reforma Judicial de 1994 de "acelerar y agilizar el trámite y la disposición de los casos" en los tribunales. El legislador, al llevar a cabo las enmiendas procesales, tomó en consideración el efecto que la creación de un tribunal apelativo intermedio tendría sobre el pronto despacho de los casos y asuntos en los tribunales. Informe Conjunto de la Cámara de Representantes, Sustitutivo al P. de la C. 1715 de 24 de octubre de 1995, 12ma Asamblea Legislativa, 6ta Sesión Ordinaria. Es menester puntualizar que de adoptarse la interpretación que hoy esboza la mayoría, como en la actualidad existen dos (2) etapas apelativas, el término aplicable sería de sesenta (60) días en cada etapa; o sea, estaríamos hablando realmente de un plazo de ciento veinte (120) días, el doble del término que disponía la enmienda de 1993. La primera etapa sería como cuestión de derecho mediante un recurso de apelación, y la segunda mediante el recurso discrecional de *certiorari*, ante el Tribunal Supremo.

Ahora bien, en 1995 la Ley Núm. 249, *supra*, en lo pertinente, enmendó la Regla 53.1(d)(1) de Procedimiento Civil, 32 L.P.R.A. Ap. III, para que dispusiera lo siguiente:

En aquellos casos civiles en que el Estado Libre Asociado de Puerto Rico, sus funcionarios, *alguna de sus instrumentalidades que no fuere una corporación pública o los municipios de Puerto Rico* sean parte, la solicitud de *certiorari* para revisar las sentencias en recursos de apelación emitidas por el Tribunal de Circuito de Apelaciones deberá ser presentada en la Secretaría del Tribunal Supremo, por cualquier parte en el pleito perjudicada por la sentencia, dentro del término jurisdiccional de sesenta (60) días contados desde la fecha del archivo en autos de copia de la notificación de la sentencia recurrida.

Como puede observarse, el lenguaje utilizado por el legislador en la Ley Núm. 249, *supra*, es *sustancialmente* distinto al de la Ley Núm. 108, *supra*, ya que al sustituir la conjunción "y" por la conjunción "o", cambió todo el sentido de la disposición en cuanto a los municipios. Igual ocurre con los propósitos de ambas piezas legislativas y las circunstancias estructurales de la Rama Judicial cuando entraron en vigor.

Reiteradamente hemos resuelto que al interpretar disposiciones estatutarias que han sido variadas por el legislador no podemos "imputarle a (éste) actuaciones inútiles, estériles o sin fin alguno". *Pueblo v. Pizarro Solís*, 129 D.P.R. 911, 928 (1992). Tampoco podemos imputarle desconocimiento de las leyes ni presumir que la Legislatura de Puerto Rico realiza actos fútiles y sin sentido. *Talcott Inter-Amer. Corp. v. Registrador*, 104 D.P.R. 254, 262 (1975); *Flamboyán Gardens v. Junta de Planificación*, 103 D.P.R. 884, 888 (1975).

Entendemos, pues, que al enmendar la Regla 53.1 de Procedimiento Civil, *supra*, en 1995, esto es, al sustituir la conjunción "y" por la conjunción "o", el legislador, tomando en consideración los cambios sustanciales que sufrió la estructura judicial y los propósitos que motivaron la reforma, conscientemente optó por enmendar los términos concedidos a los municipios para formalizar sus recursos ante los tribunales. Estimó conveniente conceder el término más corto de treinta (30) días para que los municipios perfeccionasen sus recursos de apelación ante el Tribunal de Circuito y de *certiorari* ante el Tribunal Supremo. De esta forma se aseguraba que, sin menoscabar los intereses de las partes, se fomentase el propósito cardinal de la reorganización judicial de 1994, de lograr la más pronta solución de los casos y asuntos en los tribunales.

Por todo lo antes expuesto, *entendemos que el recurso ante nuestra consideración debe ser desestimado por falta de jurisdicción.*