HONORABLE HÉCTOR LUIS ACEVEDO, en su capacidad como ALCALDE DE SAN JUAN, demandante y recurrido, *v.* ASAMBLEA MUNICIPAL DEL MUNICIPIO DE SAN JUAN ET AL., demandados y recurrentes.

*Número:* RE-92-188 *Resuelto:* 26 de febrero de 1993

*Héctor Urgell Cuebas*, abogado de los recurrentes; *María B. Maldonado Malfregeot*, de *Lasa, Escalera & Reichard*, abogada del recurrido.

El Juez Asociado Señor Rebollo López emitió la opinión del Tribunal.

Resolvemos la interrogante de si la enmienda sufrida por la Regla 53.1(b) de Procedimiento Civil de 1979 (32 L.P.R.A. Ap. III), mediante la Ley Núm. 143 de 18 de julio de 1986, es o no aplicable a los municipios —y los alcaldes— de Puerto Rico; esto es, si dichas instrumentalidades municipales y sus funcionarios deben radicar, al acudir en revisión ante este Tribunal de una sentencia final dictada por el Tribunal Superior, el correspondiente recurso de revisión en el término de treinta (30) días, o, por el contrario, tienen para ello el término de sesenta (60) días.

I

La Asamblea Municipal de San Juan aprobó, el día 26 de junio de 1991, la Ordenanza Municipal Núm. 52 mediante la cual se disponía para el presupuesto del Municipio de San Juan. El 3 de julio de 1991, el Alcalde de la Ciudad Capital, Hon. Héctor Luis Acevedo, notificó a la Asamblea Municipal sus objeciones a la citada Ordenanza Núm. 52, según ello dispone el Art. 6.02 de la Ley Orgánica de los Municipios de Puerto Rico de 1980 (21 L.P.R.A. ant. sec. 3152). El Primer Ejecutivo Municipal objetó, en específico, las secciones tercera, sexta, novena, décima y undécima de la mencionada Ordenanza Núm. 52. El día 10 de julio de 1991, la Asamblea Municipal de San Juan, con el voto afirmativo de más de dos terceras partes de sus miembros, desestimó las objeciones del Alcalde y ratificó la referida Ordenanza.

Inconforme con la determinación de la Asamblea Municipal, el Alcalde Acevedo radicó un recurso, sobre *injunction* permanente y sentencia declaratoria, ante el Tribunal Superior de Puerto Rico, Sala de San Juan. En el mismo cuestionó la validez de las secciones de la Ordenanza Núm. 52 que él había objetado. Mediante sentencia de fecha 20 de febrero de 1992, *notificada la misma el día 3 de marzo de 1992*, el tribunal de instancia determinó la invalidez de las secciones sexta y novena de la referida Ordenanza Núm. 52, decretando la validez de las restantes.

No conforme con la sentencia emitida, la Asamblea Municipal de San Juan radicó, *el día 4 de mayo de 1992*, el correspondiente recurso de revisión ante este Tribunal. Esto es, *el recurso fue radicado a los sesenta (60) días de haberse notificado, y archivado en autos, la sentencia emitida por el tribunal de instancia.*

Le concedimos un término simultáneo de quince (15) días a las partes para que expusieran su posición respecto a si la enmienda sufrida por la referida Regla 53.1(b) de

Procedimiento Civil es o no aplicable a los municipios. Ambas partes han comparecido ante el Tribunal en cumplimiento de la orden a esos efectos emitida. El demandante recurrido, Héctor Luis Acevedo, sostiene que dicha enmienda no es aplicable, razón por la cual sostiene que procede que se deniegue el recurso radicado por falta de jurisdicción. La recurrente Asamblea Municipal, naturalmente, sostiene la posición contraria. Resolvemos.

## II

Antes de la vigencia de la citada Ley Núm. 143, la Regla 53.1(b) de Procedimiento Civil, ante, *disponía* que:

(b) El recurso de revisión se formalizará presentando una solicitud en la secretaría del Tribunal Supremo *dentro de los treinta (30) días siguientes al archivo en autos de una copia de la notificación de la sentencia dictada por el Tribunal Superior.* La secretaría del Tribunal Supremo remitirá copia de dicha solicitud a la secretaría de la sala del Tribunal Superior que dictó la sentencia objeto del recurso. (Énfasis suplido.)

Luego de aprobada la mencionada Ley Núm. 143, la referida Regla 53.1(b) *establece* que:

(b) El recurso de revisión se formalizará presentando una solicitud en la secretaría del Tribunal Supremo dentro de los treinta (30) días siguientes al archivo en autos de una copia de la notificación de la sentencia dictada por el Tribunal Superior. *En aquellos casos en que el Estado Libre Asociado de Puerto Rico, sus funcionarios o una de sus instrumentalidades que no fuere una corporación pública y los municipios de Puerto Rico sean parte en un pleito, el recurso de revisión se formalizará, por cualquier parte, presentando una solicitud en la Secretaría del Tribunal Supremo dentro de los sesenta (60) días siguientes al archivo en autos de una copia de la notificación de la sentencia dictada por el Tribunal Superior.* La secretaría del Tribunal Supremo remitirá copia de dicha solicitud a la secretaría de la Sala del Tribunal Superior que dictó la sentencia objeto del recurso. (Énfasis suplido.)

*¿Beneficia, o aplica, la enmienda efectuada a los municipios de Puerto Rico?* La interrogante, somos los primeros en aceptar, no es de sencilla solución. Ello, principalmente, en vista del lenguaje, un tanto ambiguo, utilizado por el legislador al realizar la enmienda; en específico, la utilización de la frase "el Estado Libre Asociado de Puerto Rico, sus funcionarios o una de sus instrumentalidades que no fuere una corporación pública ...". Regla 53.1(b) de Procedimiento Civil, ante.

Conforme *disponía* la hoy derogada Ley Orgánica de los Municipios de Puerto Rico de 1980, Ley Núm. 146 de 18 de junio de 1980, el municipio era

> ... una entidad política y jurídica ... que incluye los habitantes residentes dentro de sus límites territoriales, *con plenas facultades legislativas y administrativas* en todo asunto que fuere de naturaleza municipal, *con sucesión perpetua, existencia y personalidad legal separada e independiente del Gobierno del Estado Libre Asociado de Puerto Rico ....* (Énfasis suplido.) 21 L.P.R.A. ant. sec. 2051.[1]

Por su parte, la vigente Ley de Municipios Autónomos del Estado Libre Asociado de Puerto Rico de 1990, Ley Núm. 81 de 20 de agosto de 1991, *establece* que el municipio

> ... es la *entidad jurídica* del gobierno local, subordinada a la

---

[1] El Tribunal de Distrito Federal para el Distrito de Puerto Rico, al interpretar esta hoy derogada sección de Ley —la cual es similar a la sección de ley hoy vigente— determinó que dado su carácter de persona jurídica con existencia legal independiente y personalidad propia, los municipios de Puerto Rico podían ser considerados como "ciudadanos" a los fines de la aplicación de la norma sobre "diversidad de ciudadanía". Específicamente expresó dicho foro judicial, al así resolver, que:
" 'The law that creates a municipality in Puerto Rico provides that it has a legal existence and personality separate and independent from the Government of the Commonwealth of Puerto Rico. 21 L.P.R.A. sec. 2051. Among the general powers that a municipality shall have is the power to sue and be sued, charge and be charged, file complaints and defend itself in the courts of justice and in the administrative bodies. 21 L.P.R.A. sec. 2054. A municipality that is independent in character and functions from the state may be considered a citizen for purposes of diversity jurisdiction. *Reeves v. City of Jackson* 532 F.2d 491 (5th Cir. 1976)'. Véase *American Conveyor Corp. v. Municipality of Guanica*, 614 F. Supp. 922, 925 (D.P.R. 1985)."

Constitución del Estado Libre Asociado de Puerto Rico y a sus leyes, cuya finalidad es el bien común local y, dentro de éste y en forma primordial, la atención de asuntos, problemas y necesidades colectivas de los habitantes del mismo.

Cada municipio *tiene capacidad legal independiente y separada del Gobierno del Estado Libre Asociado de Puerto Rico, con sucesión perpetua y capacidad legislativa, administrativa y final en todo asunto de naturaleza municipal.* (Énfasis suplido.)[2]

Debe señalarse, en adición, que ambas leyes le conceden a los municipios de Puerto Rico capacidad para "[d]emandar y ser demandado, denunciar, querellarse y defenderse en cualquier tribunal de justicia y organismo administrativo". 21 L.P.R.A. sec. 4051(b).[3]

Interpretando las anteriores disposiciones legales, este Tribunal ha expresado, en síntesis y en lo pertinente, que los municipios son entidades jurídicas y políticas creadas por la Asamblea Legislativa al amparo del poder que le concede la Sec. 1 del Art. VI de la Constitución del Estado Libre Asociado, L.P.R.A., Tomo 1; *Rodríguez Cruz v. Padilla Ayala*, 125 D.P.R. 486 (1990);[4] esto es, un "ente mediante el cual el Estado puede atender de manera más efectiva 'el bienestar social y económico de un conglomerado vecinal específico, de acuerdo con sus necesidades y urgencias en particular' ", *Banco Popular v. Mun. de Mayagüez*, 120 D.P.R. 692 (1988); y que desde "un punto de vista histórico ... han existido *como entidades autónomas* del Estado con el propósito de posibilitar la efectiva realización de sus fines político-administrativos". (Énfasis

---

[2] 21 L.P.R.A. sec. 4003.

[3] En relación con la derogada Ley Núm. 146 de 18 de junio de 1980, véase 21 L.P.R.A. ant. sec. 2054.

[4] La referida disposición constitucional dispone, en lo pertinente, que la Asamblea Legislativa tendrá facultad para "crear, suprimir, consolidar y reorganizar municipios, modificar sus límites territoriales y determinar lo relativo a su régimen y función ...". Art. VI, Sec. 1, Const. E.L.A., L.P.R.A., Tomo 1, ed. 1982, pág. 362.

suplido.) *Colón v. Municipio de Guayama*, 114 D.P.R. 193, 198 (1983).

 Constituyendo un municipio una entidad político-jurídica autónoma del Estado; con capacidad legal independiente y separada del Gobierno de Puerto Rico, con sucesión perpetua y capacidad legislativa y administrativa y final en todo asunto de naturaleza municipal; y con capacidad para demandar y ser demandado, querellarse y defenderse en cualquier tribunal de justicia, *parece claro que la contestación a la interrogante ante nuestra consideración debe ser en la negativa.* Esto es, que la enmienda sufrida por la citada Regla 53.1(b) de Procedimiento Civil *no* es de aplicación, *ni* beneficia, a los municipios y a sus funcionarios. Ello, llana y sencillamente, por cuanto dicha enmienda *sólo aplica* al "Estado Libre Asociado de Puerto Rico, sus funcionarios o una de sus instrumentalidades" (Regla 53.1(b) de Procedimiento Civil, ante), *y los municipios no cualifican como tal.* En abono a dicha conclusión, procede señalar el hecho de que las Reglas de Procedimiento Civil, al regular la forma y manera del emplazamiento, establecen una diferencia entre los municipios, el Estado Libre Asociado de Puerto Rico y los funcionarios y las instrumentalidades de éste.([5]) Por otro lado —y aun

---

([5]) Establece la Regla 4.4 de Procedimiento Civil, 32 L.P.R.A. Ap. III:

"El emplazamiento y la demanda se diligenciarán conjuntamente. El demandante proporcionará a la persona que haga el diligenciamiento las copias necesarias. Dicha persona, al entregar la copia del emplazamiento, hará constar al dorso de aquélla sobre su firma, la fecha y el lugar de dicha entrega y el nombre de la persona a quien se hizo la misma. *El diligenciamiento se hará de la manera siguiente*:

. . . . . . . .

"(f) Al Estado Libre Asociado de Puerto Rico, entregando copia del emplazamiento y de la demanda al Secretario de Justicia, o a una persona designada por éste.

"(g) A un funcionario o a una instrumentalidad del Estado Libre Asociado de Puerto Rico, que no fuere una corporación pública, entregando copia del emplazamiento y de la demanda a dicho funcionario o al jefe ejecutivo de dicha instrumentalidad. Además será requisito indispensable que en todos los pleitos que se insten contra un funcionario o una instrumentalidad del Estado Libre Asociado de Puerto Rico, que no fuere una corporación pública, el demandante entregue copia del

cuando las Opiniones que emite el Secretario de Justicia de Puerto Rico no son obligatorias para los tribunales de Puerto Rico, *Meléndez Ortiz v. Valdejully*, 120 D.P.R. 1, 20 (1987)— resulta igualmente procedente señalar que el referido Secretario reiteradamente ha opinado que cuando el legislador ha querido incluir a los municipios en los términos de una ley, la práctica general ha sido de que lo ha hecho en forma expresa. A esos efectos, véanse: Ops. Sec. Just. Núms. 1962-5, 1979-10, 1979-12, y 1989-1.

El historial legislativo de la ley que enmendó la citada Regla 53.1(b) de Procedimiento Civil confirma la determinación a la que llegamos, esto es, que la terminología en que fue concebida, y quedara plasmada, la enmienda que sufriera la referida disposición reglamentaria no aplica a los municipios. En la exposición de motivos de la citada Ley Núm. 143 se expresó:

Bajo nuestro ordenamiento jurídico el Estado Libre Asociado, sus funcionarios o instrumentalidades *son representados, en la mayor parte de los casos, por el Secretario de Justicia ante el Tribunal de Primera Instancia.* En aquellos casos en que el Estado Libre Asociado, sus funcionarios o instrumentalidades presentan un recurso de apelación, revisión, certiorari o certificación ante el Tribunal Supremo de Puerto Rico *generalmente son representandos por la Oficina del Procurador General.* En todos estos casos es necesaria una coordinación efectiva de las Divisiones de Litigios Generales; Asuntos Contributivos; División de Asuntos del Contralor y de Casos de Tierra del Departamento de Justicia con la Oficina del Procurador General. *Esta coordinación conlleva un trámite interno necesario que en la práctica reduce considerablemente el plazo de tiempo de que dispone la Oficina del Procurador General para formalizar el recurso de revisión.* La mayoría de los casos en que el Estado Libre Asociado de Puerto Rico, sus funcionarios o instrumentalidades que no fueren una corporación pública interesan pre-

---

emplazamiento y de la demanda al Secretario de Justicia o a la persona que éste designe. Si la instrumentalidad fuere una corporación pública, entregando las copias a tenor con lo dispuesto en la Regla 4.4(e).

"(h) *A una corporación municipal o instrumentalidad de la misma* con poder para demandar y ser demandada, entregando una copia del emplazamiento y de la demanda a su jefe ejecutivo o a una persona designada por éste." (Énfasis suplido.)

sentar un recurso de revisión ante el Tribunal Supremo de sentencias adversas dictadas por el Tribunal Superior, se refieren a la Oficina del Procurador General cuando está próximo a vencer el término de treinta (30) días que dispone la actual Regla 53.1(b) de las de Procedimiento Civil de 1979. El problema surge porque las gestiones de trámite y coordinación que se llevan a cabo antes de referir el caso al Procurador General consumen, con gran frecuencia, más de la mitad del término jurisdiccional para formalizar el recurso de revisión.

En consecuencia *la Oficina del Procurador General* dispone de un plazo que resulta extremadamente breve dentro del cual deberá estudiar los expedientes de los casos referidos, realizar las investigaciones pertinentes, reunirse con los abogados que han tramitado los casos ante el tribunal de instancia, consultar el conocimiento experto de los funcionarios de las instrumentalidades que han referido los casos, decidir si se va a revisar la sentencia, presentar las recomendaciones y preparar o redactar el escrito de revisión para su presentación ante el Tribunal Supremo.

*En consecuencia, se considera conveniente, necesario y de gran interés público, que se enmiende la Regla 53.1(b) de las de Procedimiento Civil de 1979, para ampliar a sesenta (60) días el término dentro del cual deberá formalizarse el recurso de revisión en aquellos casos en que el Estado Libre Asociado de Puerto Rico, sus funcionarios o instrumentalidades que no fuera una corporación pública sean parte.* Con la aprobación de esta enmienda se logra asegurar que el Estado Libre Asociado, sus funcionarios o instrumentalidades cuenten con un plazo adecuado para proteger los intereses del pueblo de Puerto Rico, sin menoscabo de los intereses de las otras partes en el pleito, a quienes también les beneficia la ampliación del término. (Énfasis suplido.) 1986 Leyes de Puerto Rico 464, 465–466.

Como podemos notar, la enmienda que le hiciera el legislador a la mencionada disposición reglamentaria tuvo el *transparente propósito* de garantizar que aquellos procedimientos judiciales apelativos en que se ve envuelto el Gobierno de Puerto Rico y/o alguna de sus instrumentalidades —*los cuales, de ordinario, son tramitados por la Oficina del Procurador General de Puerto Rico*— no se vieran afectados o perjudicados por *falta de tiempo* de dicho funcionario para atender adecuadamente los mismos. Aparentemente debido a ello es que específicamente se exceptuaron de la aplicación de dicha enmienda a las corporacio-

nes públicas ya que sus asuntos litigiosos son atendidos por sus propios abogados y no por la Oficina del Procurador General.([6]) Los municipios se encuentran en una situación similar, ello debido a que los asuntos legales o litigiosos de éstos *no* son tramitados, de ordinario, por el Departamento de Justicia *ni* por la Oficina del Procurador General, sino que los mismos son atendidos por abogados de la práctica privada de la propia selección de los municipios.

Por las razones antes expresadas, *procede decretar la desestimación del recurso radicado por la recurrente Asamblea Municipal de San Juan por el fundamento de falta de jurisdicción. Se dictará Sentencia de conformidad.*

---

([6]) Debe quedar claro, sin embargo, que cuando una de las partes litigantes en un pleito sea el Estado Libre Asociado y/o alguna de las intrumentalidades de éste, el término para acudir ante este Tribunal Supremo, en revisión de una sentencia final dictada por una de las Salas del Tribunal Superior de Puerto Rico, será de sesenta (60) días, independientemente del hecho de que dicha instrumentalidad del E.L.A. esté o no representada por la Oficina del Procurador General de Puerto Rico. Véase *El Vocero v. Junta de Planificación*, 121 D.P.R. 115 (1988).