TEXTO COMPLETO DE LA SENTENCIA
Comparece Fraigcomar Soccer Club, Inc. (Fraigcomar o apelante) en apelación de la sentencia emitida por el Tribunal de Primera Instancia, Sala de San Juan, (TPI) el 16 de junio de 2008, notificada a las partes el 18 de junio de 2008. Mediante la referida Sentencia, el TPI desestimó una demanda presentada por Fraigcomar contra la Federación Puertorriqueña de Fútbol, Inc. (Federación o apelados).
Considerado el recurso presentado, el alegato de la Federación y los documentos que los acompañan, *957 resolvemos revocar la Sentencia apelada.
I
El 26 de abril de 2007, Fraigcomar presentó demanda ante el TPI en la cual solicitó la suspensión de una Asamblea General convocada por la Federación para el 29 de abril de 2007. Fraigcomar señaló que el 15 de febrero de 2007, la Federación había convocado a sus miembros a una Asamblea General Ordinaria y que de la Agenda de dicha Asamblea se desprendía que en la misma se discutirían asuntos que tendrían efecto directo sobre el desarrollo del deporte del fútbol en Puerto Rico. Indicaron que aunque los asuntos a discutirse incluían la votación sobre nuevos estatutos federativos, nuevos reglamentos de disciplina, entre otros, no se proveyó a los miembros copia de documentos relevantes a estos temas. Fraigcomar indicó en su demanda que las copias de esa documentación debían estar anejadas a la convocatoria para que los miembros pudiesen revisar previo a la Asamblea y así pudieran tener una participación informada y significativa.
El apelante señaló en su demanda que solicitó a la Federación que proveyera para inspección o copia documentos relevantes a los temas señalados. Indicó que entre los documentos solicitados estaban: (1) una lista completa de los clubes afiliados que tuvieron voto en la asamblea del 16 de abril de 2004; (2) una lista de las ligas que permanecen activas, y los clubes año por año que integraron las ligas; (3) lista de clubes votantes, especificando la clasificación de cada uno dentro de la Federación y el correspondiente número de votos asignados; (4) una lista de clubes suspendidos por el Comité Ejecutivo. Señaló Fraigcomar que la Federación sometió algunos de los documentos solicitados entre los cuales estaba una lista de los clubes que tendrían derecho al voto durante la Asamblea General. Según Fraigcomar, en dicha lista estaban incluidos clubes que no cumplían con los requisitos para ser miembros de la Federación conforme a los Estatutos. Por tal razón, el apelante presentó a la Federación una carta impugnando los votos de ciertos clubes y ligas, e impugnando la cantidad de votos asignados a algunas de esas organizaciones.
Sobre dicha impugnación, el Comité Ejecutivo de la Federación envió una misiva a Fraigcomar mediante la cual comunicaban su determinación de denegar la impugnación hecha por Fraigcomar, por lo cual se mantenía la Convocatoria a la Asamblea General. En su demanda, Fraigcomar señaló que la Federación violó su derecho a ser oído y a contrainterrogar la prueba que pudiera tener la Federación. Señalaron además que las actuaciones de la Federación violan los derechos de Fraigcomar como miembro de la Federación y de una corporación sin fines de lucro y que lo exponen a sufrir daños irreparables.
El 26 de abril de 2007, el TPI emitió una orden en la cual denegó la solicitud de entredicho provisional solicitada por Fraigcomar y señaló una vista de injunction preliminar para el 27 de abril de 2007. El 30 de abril de 2007 el TPI, luego de haber celebrado la vista, emitió orden en la cual denegó el injunction preliminar y ordenó a la Federación permitir al apelante examinar y copiar los libros, récords o documentos mencionados en la demanda.
Así las cosas, el 31 de julio de 2007, la Federación emitió una Resolución en donde se indicó que en una reunión ordinaria celebrada el 23 de julio de ese año, el Comité Ejecutivo determinó que Fraigcomar había violado los Estatutos de la Federación al acudir al TPI para solicitar los documentos corporativos y decretó la suspensión de los directores de Fraigcomar. En la Resolución se dispuso además que si Fraigcomar desistía voluntariamente del pleito ante el TPI, la resolución quedaría en suspenso en todos sus extremos.
El 7 de septiembre de 2007, Fraigcomar presentó ante el TPI una Moción Urgente Solicitando Orden mediante la cual informó sobre la mencionada Resolución de la Federación, solicitó al TPI que ordenara a la Federación a cumplir con la orden del 30 de abril de 2007, y que se dejara sin efecto la resolución que decretaba la suspensión de Fraigcomar. El 14 de septiembre de 2007 la Federación envió a Fraigcomar una carta en la cual les notificaban que la suspensión sería inmediata. Fraigcomar presentó ante el TPI una Demanda Enmendada en la cual indicó que su suspensión de la Federación se hizo a modo de represalia *958 luego de que presentaran la demanda ante el TPI. Solicitó en esa ocasión que se emitiera orden de entredicho provisional y se ordenara a la Federación a dejar sin efecto la suspensión de Fraigcomar. Solicitaron además que se emitiera sentencia declaratoria para declarar nulo el Artículo 53 de los Estatutos de la Federación el cual establece que se excluye de todo recurso a los tribunales ordinarios contra las decisiones definitivas resueltas por los órganos de la Federación.
El 28 de septiembre de 2007, el TPI emitió orden en la cual denegó la solicitud de entredicho provisional y señaló vista para dilucidar la procedencia del recurso del injunction preliminar. Luego de celebrada la vista, el 21 de diciembre de 2007, la Federación presentó ante el TPI una solicitud de desestimación de la demanda en la cual alegó que el TPI carece de jurisdicción para tratar el asunto planteado, ya que Fraigcomar había acordado someter cualquier reclamación en contra de la Federación a un procedimiento de arbitraje ante el Tribunal Arbitral de Deportes (TAS por sus siglas en francés). Fraigcomar presentó Oposición a Solicitud de Desestimación de la Demanda en la cual sostuvo que el pleito estaba fuera del alcance de la disposición de arbitraje, ya que el Artículo 7.10 de la Ley General de Corporaciones de Puerto Rico, Ley Núm. 114 del 10 de agosto de 1995, 14 L.P.R.A. 2601 et seq (Ley de Corporaciones), confería jurisdicción exclusiva al TPI
Luego de varios trámites procesales, la Federación presentó Moción Informativa en la cual señaló que estaba de acuerdo en que el caso fuese resuelto mediante sentencia sumaria. Respecto al planteamiento relacionado con el Artículo 7.10 de la Ley de Corporaciones, 14 L.P.R.A. 2905, la Federación señaló que el mismo trata sobre los derechos de los accionistas en corporaciones con fines pecuniarios, lo cual no ocurre en este caso.
El 16 de junio de 2008, el TPI emitió sentencia en la cual desestimó la demanda por entender que el Artículo 7.10 de la Ley de Corporaciones, supra, no era aplicable a las corporaciones sin fines de lucro. Señaló el TPI que la letra de dicho Artículo es clara y específica y no permite extender la aplicación del mismo a los miembros de una corporación sin fines de lucro. Según dispuso el TPI, la corporación sin fines de lucro está obligada para con sus miembros según dispongan sus estatutos o reglamentos y por lo tanto, la jurisdicción del TPI no es exclusiva.
Inconforme, Fraigcomar acude ante nos mediante recurso de apelación y señala que el TPI cometió los siguientes errores:
“Erró el Tribunal de Primera Instancia al determinar que el Artículo 7.10 no aplica a corporaciones sin fines de lucro.
Erró el TPI al determinar que los Estatutos de la Federación contenían disposiciones para atender los reclamos de Fraigcomar.
Erró el TPI al disponer que la Federación había procedido conforme a sus Estatutos al suspender a Fraigcomar.
Erró el TPI al emitir su Sentencia sin darle la oportunidad a Fraigcomar a que se expresara en torno al planteamiento de la Federación de que el Artículo 7.10 no es aplicable a corporaciones sin fines de lucro.”
El 30 de julio de 2008, Fraigcomar presentó ante este Tribunal una Moción Urgente en Auxilio de Jurisdicción en la cual solicitó que se emitiera una orden mediante la cual se eliminara de la agenda del orden del día de la Asamblea General de 2008 que había convocado la Federación, la ratificación de la suspensión de Fraigcomar. Este Tribunal emitió Resolución el 8 de agosto de 2008 en la cual declaramos con lugar la solicitud de Fraigcomar y ordenamos a la Federación a eliminar de la Agenda del Orden del Día de la Asamblea General que iba a celebrarse el domingo 10 de agosto de 2008 la discusión de todo asunto relacionado con la ratificación de la suspensión de Fraigcomar.
*959 n
El Art. 19.02 de la Ley de Corporaciones, 14 L.P.R.A. sec. 3421 (a), define al régimen de las corporaciones sin fines de lucro como:
“(a) ...aquella que se ha organizado de conformidad con esta Ley, como corporación sin autoridad para emitir acciones de capital y cuyos ingresos, si alguno, no pueden distribuirse entre sus miembros, directores u oficiales, excepto en el caso de la liquidación de una corporación sin fines de lucro de beneficio mutuo, es decir, aquélla que se constituye con el propósito de atender y adelantar los intereses de sus miembros como pueden ser, entre otras, las uniones obreras, las cámaras de comercio y los colegios profesionales. (...)
(b) En términos de sus ofrecimientos y de las actividades concretas que realizan, las corporaciones sin fines de lucro cumplen propósitos sociales, culturales, educativos, religiosos, de salud, de recreación y deportes, de desarrollo económico, y múltiples otros objetivos de distinta naturaleza que se traducen en servicios a la población en general, a sus miembros y a grupos con necesidades especiales.”
Las corporaciones sin fines de lucro podrán optar en su certificado de incorporación por tener o no tener miembros, además de su junta de directores u organismo rector. Art. 19.05, 14 L.P.R.A. see. 3421 (d) De optar por tener miembros, éstos deberán cumplir con las condiciones y criterios, y tendrán los derechos y facultades que se establezcan en el certificado de incorporación o en los estatutos de la corporación. Id. Debido a la ausencia de participaciones o acciones de capital en este tipo de corporación, en lugar de hablar de accionistas, suele hablarse de miembros. Carlos E. Díaz Olivo, Las Organizaciones sin Fines de Lucro: Perfil del Tercer Sector en Puerto Rico, 2000, Revista Jurídica de la Universidad de Puerto Rico, 69 Rev. Jur. U.P.R. 719. Aunque las corporaciones sin fines de lucro no tienen accionistas con intereses propietarios o reclamaciones económicas contra la entidad, sí cuentan con miembros o socios que, de ordinario, tienen derecho a votar y a elegir los funcionarios corporativos a quienes se les delega la administración de la entidad. Díaz Olivo, Las Organizaciones sin Fines de Lucro (...), supra. Se considera que estos miembros o socios poseen sobre la entidad un interés distinto al que posee el público en general, el cual es similar al de los accionistas en una corporación comercial. Id.
Las disposiciones de la Ley de Corporaciones aplican por igual tanto a las corporaciones con o sin fines de lucro. Id. El Artículo 19.01 de la Ley de Corporaciones, 14 L.P.R.A. see. 3421, establece que “este capítulo rige las corporaciones sin fines de lucro... en forma complementaria a todas las demás disposiciones aplicables de este subtítulo. En el caso de que exista incongruencia, primará lo dispuesto específicamente en este capítulo.”
De otra parte, el Artículo 7.10 de la Ley de Corporaciones, 14 L.P.R.A. see. 2910, en lo pertinente establece:
“A. Para efectos de este Artículo, "accionista" significa accionista inscrito.
B. Cualquier accionista, por sí o por apoderado u otro agente, mediante requerimiento jurado en donde consigue su propósito, tendrá el derecho de examinar para cualquier propósito válido durante las horas regulares de oficina el registro de acciones, la relación de accionistas y los demás libros de la corporación, así como de hacer copias o extractos de los mismos. "Propósito válido" significará un propósito que se relacione razonablemente con el interés de la persona como accionista. En cada caso, cuando un apoderado u otro agente sea la persona que solicita el derecho de examen, el requerimiento bajo juramento deberá acompañarse con un poder u otro escrito que autorice al apoderado u otro agente a actuar de ese modo a nombre del accionista. El requerimiento bajo juramento se dirigirá a la oficina designada de la corporación en el Estado Libre Asociado.
C. Si la corporación, o un oficial o agente de la misma, se negare a permitir la inspección requerida por un accionista, su apoderado u otro agente actuando a nombre del accionista según se dispone en el inciso (B) de este artículo o no responde a la solicitud antes de trascurridos los cinco (5) días laborables posteriores al requerimiento, el accionista podrá recurrir al Tribunal de Primera Instancia (Sala Superior) para solicitar que *960 emita una orden que obligue a la corporación a permitir tal inspección. Por la presente se le otorga jurisdicción exclusiva al Tribunal de Primera Instancia (Sala Superior) para determinar si la persona que solicita el examen tiene derecho o no al examen que se solicita. El tribunal podrá ordenar sumariamente a la corporación que permita al accionista examinar el registro de acciones, la relación existente de accionistas y los otros libros de la corporación, y hacer copias y extractos de los mismos.”
El Tribunal Supremo de Puerto Rico ha establecido que en lo que se refiere a disputas internas entre los miembros de una determinada organización, ya sea ésta incorporada o no, en ausencia de una demostración de daño irreparable y de un remedio adecuado, deben, de ordinario, prevalecer las doctrinas de jurisdicción primaria y el agotamiento de recursos administrativos. Univ. Turabo v. L.A.I., 126 D.P.R. 497 (1990). Voto particular y de conformidad emitido por la Juez Asociada Naveira de Rodón. En Hernández v. Asoc. Hosp. Del Maestro, 106 D.P.R. 72 (1977), el Tribunal Supremo expresó que en relación con una institución privada, la parte demandante tenía también que agotar los remedios internos a su disposición antes de recurrir a los tribunales.
Las decisiones institucionales de entidades privadas también merecen deferencia por parte de los tribunales, especialmente aquellas que por su naturaleza tienen un peritaje en la materia objeto de la controversia. Univ. del Turabo v. L.A.I., supra. “La regla general es que cuando un miembro de una asociación puede ir a los tribunales para corregir una acción ilegal de la asociación en cuestión, debe quedar claro que antes de acudir a los tribunales dicho miembro agotó todos los remedios disponibles dentro de la asociación.” Id.
De otra parte es de rigor destacar que la relación entre una organización voluntaria privada y sus miembros es contractual y, al unirse a ella, éstos acuerdan someterse y regirse por sus reglas y reglamentos y asumen las obligaciones incidentales a esa membresía. Id.
Cónsono con dicha normativa, el Tribunal Supremo ha resuelto que no se debe intervenir con las determinaciones de una asociación privada en ausencia de alegaciones de fraude, irrazonabilidad, discrimen o corrupción. Id. Si la decisión está en armonía con los fines y propósitos que persigue la institución, los tribunales deben respetar su criterio y darle deferencia a la decisión tomada. No obstante lo anterior, se justifica la intervención judicial cuando la entidad privada impone controles que carecen de fundamento adecuado con los fines legítimos de la organización. Univ. Turabo v. L.A.I., supra.
De otra parte y como es sabido, existe un interés de proteger el que una parte que plantea una controversia de Derecho pueda tener acceso a los tribunales sin que se le imponga una carga onerosa. Ello está a tono con la política judicial de fomentar el mayor acceso posible a los tribunales para resolver controversias con estricto rigor jurídico y sentido de justicia. Negrón v. Srio de Justicia, 154 D.P.R. 59, 93 (2001). Dicha política judicial está establecida en el Artículo 1.002(a) de Ley de la Judicatura de 2003, Ley Núm. 201 de 22 de agosto de 2003, 4 L. P.R.A. see. 24 a, el cual dispone que la Rama Judicial será “accesible a la ciudadanía; prestará servicios de manera equitativa, sensible y con un enfoque humanista”. Conforme a dicha política también ha establecido nuestro alto foro que es necesario evitar que la aplicación automática e inflexible de requisitos reglamentarios prive a los litigantes de su derecho de acceso a los tribunales. Alamo Romero v. Administración de Corrección, 175 D.P.R._(2009), 2009 J.T.S. 9.
ni
En su primer señalamiento de error, el apelante sostiene que el TPI no debió determinar que el Artículo 7.10 de la Ley de Corporaciones, supra, no aplica a corporaciones sin fines de lucro. Sustenta su argumento en el entendido de que la propia Ley de Corporaciones provee para una aplicación amplia de sus estatutos, de modo que sean extensibles y aplicables a las corporaciones sin fines de lucro. El apelante señala además que el hecho de que la Ley de Corporaciones específicamente haga mención de aquellos Artículos que no son de aplicación a las corporaciones sin fines de lucro sin incluir en dicha enumeración el Artículo 7.10, hace necesaria la conclusión de que dicho Artículo aplica complementariamente a las corporaciones sin fines de lucro. El TPI interpretó que dado *961 el hecho de que el texto del citado Artículo 7.10 únicamente menciona a los “accionistas”, el mismo no puede aplicar a las corporaciones sin fines de lucro. Erró dicho foro al concluir de esa manera.
Como indicamos, las disposiciones aplicables a las corporaciones sin fines de lucro rigen de forma complementaria a todas las demás disposiciones de la Ley de Corporaciones. Art. 19.01, 14 L.P.R.A. 3421. Es decir, aquellas disposiciones de la Ley de Corporaciones que no estén incluidas en el Capítulo 218A (Corporaciones sin Fines de Lucro), 14 L.P.R.A. 3421, aplican a las entidades sin fines pecuniarios siempre que no sean incompatibles con las mismas, o que se haya prohibido expresamente su aplicación. Luego de un análisis de la Ley de Corporaciones concluimos que el Artículo 7.10, supra, no contradice las disposiciones contenidas en el Capítulo 218A, supra.
En tomo al derecho al voto de los miembros de una corporación sin fines de lucro, el Artículo 7.05 de la Ley General de Corporaciones, 14 LPRA § 2905, establece que la corporación podrá especificar en sus estatutos el número de miembros con derecho al voto así como los votos requeridos para tratar cualquier asunto. El Artículo 7.05, supra, expresamente hace mención de aquellos Artículos que no son de aplicación a las corporaciones sin fines de lucro. Sin embargo, el mismo no excluye la aplicación del Artículo 7.10, supra.
Entendemos que aplicado el mencionado Artículo 7.10, supra, al caso particular de las corporaciones sin fines de lucro es preciso definir el término “accionista” como inclusivo del término “miembro”, pues estos últimos tienen inherencia en el proceso decisional de la Corporación así como en los asuntos medulares de la misma. Por tal razón, creemos que está justificado el requerimiento de examen de documentos siempre que el mismo se relacione con los derechos y facultades de quien lo solicita como “miembro” de la Corporación. Los “miembros” de una corporación sin fines de lucro tienen un interés especial en que se logren los objetivos y propósitos de la corporación. En este caso, a Fraigcomar se le considera que es “miembro” de la Federación por lo cual tiene derecho al voto por tratarse de un club “Premium” que posee derecho para participar en la Asamblea de la Federación. Fraigcomar presentó ante la Federación su preocupación como miembro de velar por el cumplimiento con los Estatutos y porque se cumplan los intereses y objetivos de la Corporación. Esa es una preocupación que puede catalogarse como un propósito válido para la solicitud de información que se hizo en este caso.
El Artículo 11 de los Estatutos de la Federación Puertorriqueña de Fútbol establece que sus miembros tienen el derecho de conocer con anticipación el orden del día de una Asamblea General, de ser convocados dentro de los plazos estipulados, de participar y de ejercer su derecho al voto; el derecho a ser informados de los asuntos de la Federación; y, a todos los derechos que se desprenden de los Estatutos o que estén reconocidos por los reglamentos, directivas y decisiones de la Federación.
Si bien es cierto que no todo miembro tiene derecho a acceder a todo tipo de información, aquellos que tienen derecho al voto, es decir, aquellos que participan en el establecimiento de políticas en la institución, tienen derecho a participar activamente de los procesos decisionales y en la selección de los directivos de la Corporación, por lo tanto deben tener derecho a acceder a los libros de la misma y a solicitar que se acredite la capacidad de las entidades permitidas a votar en la Asamblea General. Por tales razones, entendemos que se cometió el primer error señalado.
En su segundo señalamiento de error, Fraigcomar indica que el TPI no debió determinar que los Estatutos de la Federación contenían disposiciones para atender los reclamos de Fraigcomar. En su sentencia, el TPI expresó que los Estatutos de la Corporación contienen disposiciones que atienden los reclamos de Fraigcomar y que la Ley de Corporaciones no provee categóricamente el remedio que éstos solicitan. De un análisis de los Estatutos de la Federación, pudimos percatamos que no existe en los mismos, disposiciones aplicables para atender la controversia planteada por el apelante. Es decir, respecto a la controversia sobre si tenía derecho o no Fraigcomar a reclamar el examen de los libros de la Corporación estaba directamente relacionado con la interpretación y aplicación de la Ley de Corporaciones y no con los Estatutos como lo indicó el TPI. Por tal razón, actuó *962 correctamente Fraigcomar al acudir al TPI para impugnar la actuación de la Federación.
Como ya indicamos, el Artículo 7.10 de la Ley de Corporaciones, supra, establece que el TPI tendrá jurisdicción exclusiva para atender en los derechos y remedios provistos en el mismo. Si bien es cierto que los Estatutos disponen que las controversias que surjan con la Federación deben ser vistas ante el TAS, la controversia en este caso, se limitaba a una interpretación sobre la Ley de Corporaciones de Puerto Rico lo cual no es un área de especialización de la Federación, sino un asunto de Derecho que debe ser interpretado por los tribunales. Por tratarse de corporaciones inscritas en el Departamento de Estado les aplica la Ley de Corporaciones y es el TPI el foro con jurisdicción para interpretar esta particular controversia que es claramente una de estricto Derecho. Por lo tanto, erró el TPI al concluir que los Estatutos de la Corporación proveían el remedio al cual debía ceñirse el apelante.
En su tercer señalamiento de error, Fraigcomar sostiene que el TPI no debió disponer que la Federación procedió conforme a sus Estatutos al suspenderlo. La Federación señala que tiene plena autonomía en el manejo de sus propios asuntos como lo es el incumplimiento con las normas estatutarias a las cuales se obligan sus miembros. El Artículo 53 de dichos Estatutos señala que se excluye de todo recurso a los tribunales ordinarios contra las decisiones definitivas resueltas por los órganos de la Federación. [1] Según dispone dicho Artículo, se podrá recurrir contra tales decisiones sometiéndolas únicamente a la competencia del TAS el cual tendrá la jurisdicción final respecto al litigio.
Es cierto que a las asociaciones, sean éstas incorporadas o no, se les debe gran deferencia por poseer éstos un grado de especialización sobre los temas que tratan. Sin embargo, existen excepciones a esa normativa entre las que se reconoce la intervención de los foros judiciales en aquellas instancias en que la organización actúa irrazonablemente y fuera del ámbito de su especialidad. Univ. Turabo v. L.A.I., supra. Respecto a los acuerdos de arbitraje, aunque se ha establecido que existe una fuerte política a favor de los mismos y que toda duda respecto a la existencia o no de dicho procedimiento debe resolverse a su favor, el Tribunal Supremo ha señalado que en las circunstancias apropiadas esa intervención no está vedada. U.C.P.R. v. Triangle, 136 D.P.R. 133 (1994).
En el caso ante nuestra consideración, Fraigcomar razonablemente entendió que la .controversia podía ser vista por los tribunales estatales, por referirse a una cuestión de estirpe jurídica. No se puede penalizar a una parte que acude de buena fe al tribunal porque entiende que es el foro adecuado para dilucidar su controversia. De un análisis del expediente de este caso, podemos concluir que la suspensión de Fraigcomar constituyó una acción de represalia por haber acudido al TPI para impugnar las actuaciones de la Federación. Fraigcomar entendía que podía reclamar aquellos derechos que surgieran de la Ley de Corporaciones, y en efecto, el TPI asumió jurisdicción, interpretó la Ley y le concedió en la primera ocasión el reclamo de acceso a la información corporativa que solicitó. [2]
Independientemente del efecto final de la determinación que hiciera el TPI, la mera acción de acudir a un foro judicial porque se entiende que es quien tiene jurisdicción, no puede ser objeto de represalias. Abiertamente, la Federación señaló en las comunicaciones que enviaba a Fraigcomar que la determinación de suspenderlo estaba ligada a la decisión del apelante de acudir al foro judicial. No podemos avalar esa actuación. Concluimos, por lo tanto, que no tiene ningún efecto la sanción impuesta a Fraigcomar por ser totalmente contraria a Derecho. Además, dicha onerosa penalidad no surge de los propios Estatutos de la Federación, y viola una fundamental política pública prevaleciente en esta jurisdicción de proveer el mayor acceso a los tribunales.
En vista de ello, concluimos que la imposición a Fraigcomar de la referida penalidad no sólo es irrazonable y arbitraria; también es radicalmente nula. Una actuación nula es inexistente, por lo que no genera consecuencias jurídicas. Brown III v. J.D. Cond. Playa Grande, 154 D.P.R. 225 (2001), "(...) Lo nulo nunca *963 tuvo eficacia alguna, nunca nació en derecho, nunca existió". Id. El Tribunal Supremo ha señalado además que:
“Sólo cuando el acto nulo haya provocado una "apariencia" de realidad o validez, es necesario o conveniente destruir esa "apariencia", si constituye obstáculo para el ejercicio de un derecho y puede impugnarlo cualquier persona que tenga interés en ello sin que sea confirmable, ni prescriptible; debiendo reponerse las cosas al estado que tenían al tiempo de su realización.” Id.
Por lo tanto, no era correcto concluir, como lo hizo el TPI, que la Federación actuó conforme a sus Estatutos por lo cual entendemos que se cometió el tercer error señalado.
En su cuarto señalamiento de error, los apelantes indican que el TPI no debió emitir su sentencia sin darles la oportunidad a que se expresaran en tomo al planteamiento de la Federación de que el Artículo 7.10, supra, no es aplicable a una corporación sin fines de lucro. De la sentencia apelada surge que ambas partes concordaron en que se utilizara el mecanismo de sentencia sumaria. Sin embargo, en la discusión de su cuarto señalamiento de error, los apelantes no discuten ese particular y se limitan a explicar que el TPI no les dio oportunidad de responder a una Moción Informativa presentada por la Federación. Por lo tanto, entendemos que estuvo conforme Fraigcomar en que el TPI dispusiera de la controversia utilizando el mecanismo de sentencia sumaria. Además, basados en los fundamentos discutidos en los anteriores errores, entendemos que no es necesario discutir los méritos del cuarto error señalado.
IV
Por los fundamentos expuestos, los cuales se hacen formar parte de esta sentencia, REVOCAMOS la sentencia apelada. En su consecuencia, declaramos nula y totalmente ineficaz en Derecho la suspensión de Fraigcomar de la Federación. Dicha errada determinación constituyó la imposición de una impermisible, arbitraria e irrazonable penalidad a Fraigcomar por haber acudido al foro judicial en solicitud del reconocimiento de un legítimo derecho de acceso a información sobre asuntos pertinentes y medulares de la Federación. Habida cuenta del resultado al que hemos llegado, declaramos Con Lugar la Demanda Enmendada presentada por Fraigcomar contra la Federación, conforme a los pronunciamientos previamente expresados en esta Sentencia.
Notifí quese inmediatamente.
Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.
Leda. Dimarie Alicea Lozada
Secretaria del Tribunal de Apelaciones
ESCOLIOS 2010 DTA 40

. ARTÍCULO 53- Litigios
“Se excluye todo recurso a los tribunales ordinarios contra las decisiones definitivas resueltas por los órganos de la FPF. Se podrá recurrir contra tales decisiones sometiéndolas únicamente a la competencia del Tribunal Arbitral del Deporte que tendrá la jurisdicción final respecto al litigio”. Pág. 221 del Apéndice del Recurso.

. Véase Orden emitida por el TPI el 30 de abril de 2007.